FRANK W. HAMILTON *et al.*, Appellants, v. THE
AURORA FIRE & MARINE INSURANCE
COMPANY, Respondent.

St. Louis Court of Appeals, April 2, 1889.

Constitutional Law : AUTHORITY OF JUDICIAL DECISIONS. Although
it is the general rule, that a previous decision of this court is the
law of the case when again submitted for adjudication to the same
tribunal, yet, by an amendment of our state constitution (Session
Acts, 1883, page 216, section 6), if, since such previous decision,
the supreme court has, upon the same state of facts, declared and
announced a contrary ruling of the law applicable thereto, it is the
duty of this court to recede from its former ruling, and to declare
the law in conformity with the later decision of the supreme court.

*Appeal from the St. Louis City Circuit Court.*—HON.
LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

*John W. Noble* and *Noble & Orrick*, for the
appellants.

The instruction given by the court of its own motion
was improperly given. This instruction was to the
effect that the court below was bound to follow the
mandate of this court and find for defendant and was
objectionable in that the trial in the circuit court should
have been on the merits of the case, and at that trial the
court should have judged according to the evidence and
the law as it existed at that time. The supreme court
had laid down the law in the case of *Hamilton v. Ins.
Co.*, on the same and similar facts, and the court below
should have followed the law as there laid down.
Amend. to the Const. Acts, 1883, p. 216, sec. 6. Even
if the circuit court was bound to follow the mandate of

this court and render judgment for defendant, when the case came up to be tried for the second time on the same evidence as was introduced at the first trial, yet this court must reverse the judgment of the court below and give judgment for the plaintiffs, because, as said before, the supreme court has since laid down the law on these facts to be in plaintiff's favor; and by the constitution of Missouri, the last previous ruling on any point by the supreme court shall be binding on the court of appeals.

*Upton M. Young,* for the respondent.

In the case of *Bevis v. Railroad,* 30 Mo. App. 564, the court held—Presiding Judge ROMBAUER delivering the opinion—that, "according to the settled rule in this state governing appellate procedure, the same question is not subject to re-argument on a second appeal, but once decided is the law of the case." In support of this view the court cited, with evident approval the following cases: *Grumley v. Webb,* 48 Mo. 563; *Bank v. Taylor,* 62 Mo. 338; *Chouteau v. Gibson,* 76 Mo. 38; *Forester v. Railroad,* 26 Mo. App. 123. Questions decided on a former appeal will not be reëxamined. *Forester v. Railroad, supra.* Where an intermediate appellate court remands a case with specific directions, and no appeal is taken from its judgment, and the trial court conforms its action to the judgment, upon second appeal the supreme court will hold the judgment conclusive. *Lackland v. Smith,* 75 Mo. 307. A matter once expressly decided by this court is *res adjudicata. Adair Co. v. Ownby,* 75 Mo. 282. A matter once decided cannot, on second appeal, be again brought in question. *Gaines v. Fender,* 82 Mo. 497. When a case is remanded, with specific directions as to judgment, lower court has no power to enter any other or to grant new trial. *Chouteau v. Allen,* 74 Mo. 56. Where a

judgment is reversed and the cause is remanded, with special directions to the trial court as to the further proceedings, and such court proceeds in conformity with the directions, its judgment will be affirmed. *Shroyer v. Nickel*, 67 Mo. App. 589. This court, after a thorough examination of the identical questions of law and fact now presented for reëxamination, concludes its opinion with the following language : " We are of the opinion that the circuit court erred in its instructions as to the effect of Miller's knowledge of the over-insurance acquired by him after the delivery of the policy, and the judgment will therefore be reversed and the cause remanded." *Hamilton v. Ins. Co.*, 15 Mo. App. 59, *et seq.* The constitutional amendment found in the Acts of 1883, p. 216, sec. 6, is relied upon by appellants' counsel. This amendment says, in substance, that the last previous rulings of the supreme court, on any question of law or equity, shall, in all cases, be controlling authority in courts of appeals. We submit that this constitutional amendment is without application to this case. The question decided by the court of appeals, in the case of *Hamilton v. Ins. Co.*, was of first impression. Prior to that time there had been no " previous rulings of the supreme court on any question of law or equity," to be followed, as controlling authority, by the court of appeals in the *Aurora case.*

BIGGS, J., delivered the opinion of the court.

This is an action on a policy of insurance by which defendant agreed and contracted to insure plaintiffs' stock of goods in Deadwood, Dakota territory, for the sum of fifteen hundred dollars, against loss by fire. The policy was dated or took effect on the sixth day of July, 1880. During the life of the policy, to-wit, on the eighteenth day of January, 1881, the stock of goods covered by this policy of insurance was destroyed by fire. Plaintiffs made due proof of loss, and defendant refusing to pay, this suit was begun by plaintiffs to

recover the amount of the policy. The defendant interposed the defense, that by the terms of the policy, the consent of the defendant to any subsequent insurance on said property must be obtained, and this consent was required to be endorsed on the policy. That a violation of this provision or requirement of the policy rendered the policy void. That the plaintiffs, without the consent of defendant, to-wit: On the twenty-eighth of July, 1880, the fourth of November, 1880, and the seventeenth of November, 1880, procured other policies of insurance in other companies on said property to the amount of three thousand dollars, and that defendant had no notice of the subsequent insurance until after the loss. The plaintiffs admitted the additional insurance, and admitted that the consent of defendant was not endorsed on the policy, but averred that defendant had notice of the subsequent insurance, and made no objection thereto, by which the necessity of having the consent of defendant endorsed on said policy was waived. The total amount of insurance on the goods at the time of the loss was less than their actual value. There was a judgment for defendant, and the plaintiffs have appealed the case to this court.

The case is before this court for the second time. At the original trial in the circuit court, the case was consolidated with that of same plaintiffs against "The Home Insurance Company," based on another policy issued at same time by same agents, and insuring the goods for twenty-five hundred dollars. The same defense was interposed in each case. The two causes were submitted to one jury on the same testimony and resulted in a verdict and judgment for plaintiffs in each case. The cases were submitted to this court on one record, and one opinion was rendered by this court covering both cases, by which the judgments of the circuit court were reversed. *Hamilton et al. v. Ins. Co.*, 15 Mo. App. 59. At the date of this decision, appeals to the supreme court from the judgments of this court

could be taken in all actions for money, when the amount involved was not less than twenty-five hundred dollars.

In the case of plaintiffs *v*. The Home Insurance Company, the defendant prosecuted its appeal to the supreme court, which resulted in the reversal of the judgment of this court and the affirmance of the judgment of the circuit court. *Hamilton v. Ins. Co.*, 94 Mo. 353. As the amount involved in the present action was below the limit, no appeal could be had to the supreme court, and under the decision of this court, the cause was remanded to the circuit court, with instructions to retry the case in conformity to the decision of this court.

On the second trial, which was had after the decision of the supreme court in the *Home Insurance case*, the parties stipulated that the original bill of exceptions containing the testimony submitted at the former trial of this case and the *Home Insurance case* should be considered and received as the testimony on the second trial, but subject to the same objections and rulings as made on the first trial. That the court, in arriving at its finding, should consider the opinion of this court in said cases and also the opinion of the supreme court in the *Home Insurance Company case.* The mandate of this court was also read in evidence. This was all the evidence offered. The circuit court held that it was bound in its action, by the mandate of this court, and as the case had been presented on the second trial on precisely the same pleadings and evidence as the first trial, that all matters involved in the case were *res adjudicata*, and the judgment must be entered for defendant in accordance with the mandate of this court, which was accordingly done.

The plaintiffs asked the court to instruct the jury as follows:

"If the jury believe that L. C. Miller solicited insurance from the plaintiffs on their stock of goods at Deadwood, Dakota territory, and made the survey of the

premises on which the risk was proposed to be taken, and obtained from them an order for four thousand dollars of insurance, and thereupon said Miller forwarded the application read in evidence under date of June 30, 1880, to J. B. Bennett at St. Louis, Missouri, and said Bennett placed fifteen hundred dollars of insurance asked for therein in the Aurora Fire and Marine Insurance Company, and said company issued its policy for that amount, and the same was sent by said Bennett to said Miller, and by him delivered to plaintiffs ; and if you believe that said Miller collected the premiums thereon from plaintiffs, acting for and on behalf of said Aurora Insurance Company, and was paid for his services by said company out of the premium so collected, then the court instructs you as a matter of law, that in procuring said policy to be issued said Miller was the agent of the Aurora Insurance Company, and not of the plaintiffs ; and if the jurors believe that from and after July 6, 1880, said Miller continued to act for some months in the same capacity and manner for and on behalf of the Aurora Insurance Company, in procuring risks for said company at said point, he is to be regarded as its agent at that point so long as such dealing continued.

" If the jurors believe that when the three policies dated July 28, 1880, November 4, 1880, and November 24, 1880, were issued, said Miller was the agent of the defendant, the Aurora Insurance Company, at Deadwood, Dakota territory, for the transaction of the insurance business at that point, and said Miller had notice of the issuance, and delivery to plaintiffs, of said three policies above mentioned, and made no objection thereto and took no steps to cancel the policy of the Aurora Insurance Company, now in suit, then as a matter of law, the court instructs you that the issuance, and receipt by plaintiffs, of said three policies is no defense to this action, so far as the Aurora Insurance Company, is concerned, and the jury will so find.

"The court instructs the jury that if they find the issues for the plaintiffs, they will find for the full amount of the policy, with interest thereon at the rate of six per centum per annum from April 25, 1881."

The court refused these instructions and the plaintiffs excepted.

The court of its own motion gave the following instruction:

"If it appears from the evidence that this cause is submitted to the court for trial, without the intervention of a jury, on substantially the same evidence that was advanced at the former trial then it is the duty of this court in obedience to the mandate of the St. Louis court of appeals herein to find the issues joined for defendant and render judgment for defendant accordingly, whether such finding and judgment accord with the views that this court would otherwise have taken of the law and the facts or not."

To the giving of this instructon, plaintiff by his counsel then and there duly excepted. Plaintiffs assign for error the action of the court in giving and refusing the foregoing instructions.

It is conceded by counsel on both sides that the facts in the two cases are the same or substantially the same. The controlling question in each case was whether notice to one L. C. Miller of the subsequent insurance was notice to defendant. It appeared that Miller was engaged in the insurance business in Deadwood, and at his solicitation, plaintiffs were induced to take out the two policies. Miller delivered the policies and collected the premiums and remitted the same to the general agent at St. Louis.

At the solicitation of Miller, the plaintiffs also took out the subsequent insurance in other companies represented by Miller. The testimony is set out in full in the former decision of this court and the supreme court, and we do not deem it necessary to go into a discussion

of the evidence relating to Miller's agency. Suffice it to say that the legal conclusions arrived at by the two courts on this subject are diametrically opposite. That is ; the court of appeals decided as a matter of law that Miller, under the testimony, was only a special agent of defendant with power to forward applications and to deliver policies and that there his duty or power as an agent ended, and that a subsequent notice to him of additional insurance was not notice to the defendant, and that the circuit court erred in its instructions on this subject, which were substantially the same as those asked by plaintiffs on the second trial of this case. The supreme court in the *Home Insurance case*, upon the same state of facts, came to a different conclusion, and held that the action of the trial court as to the instructions was right, and reversed the judgment of this court.

That the circuit court did right on the second trial in conforming its action to the mandate of this court is quite clear (*Chouteau v. Allen*, 74 Mo. 56), but the duty of this court in the premises is not free from legal difficulties and embarrassments.

The defendants on the one side insist that the *law* in *this case* has been settled. That the former decision of this court, based upon the same state of facts, becomes the law of the case in regard to such facts. That the law as announced may be overruled or modified by this court in *some other case*, but it cannot be varied or departed from in *this case*. On the other hand the plaintiffs insist that, under the amendment of the constitution, found in the Session Acts of 1883, page 216, section 6, the decision of the supreme court in the *Home Insurance case* is the law in this case, and under this latter decision, the judgment of the circuit court is wrong, that plaintiffs' instructions ought to have been given, and this court must so decide. The amendment, relied on by plaintiffs, reads as follows : "The last

previous rulings of the supreme court on any question of law or equity shall, in all cases, be controlling authority in said courts of appeals."

The law asserted by counsel for defendant is of general or universal application *only* so far as the action of courts of last resort is concerned. But under our peculiar judicial system, the rule cannot under all circumstances be made to apply to the decisions of the courts of appeals. The latter courts are of inferior appellate jurisdiction and subject to some extent to the control and supervision of the supreme court, and under the plain letter of the constitutional amendment referred to, the courts of appeals must in all cases be guided and controlled by the last decision of the supreme court on any question of law, regardless of the former rulings of the courts of appeals, and it can make no difference that the court of appeals, in doing so, must reverse a former decision of its own in the same case. We recognize the force and logic of the argument of defendant's counsel, that the former decision of this court should be *the law in this case*, but the constitutional mandate is plain and imperative and must be obeyed. The evident intention of this amendment was to produce, to the greatest possible extent, uniformity and harmony in the decisions of the appellate courts of the state; and while the decision of the supreme court does not announce a principle of law of general application, but only declares the rule on the particular facts of the case before it, yet this court, in the case at bar, where the same state of facts exists would not be justified in coming to a different conclusion. The instructions asked by plaintiffs were in conformity to the decision of the supreme court and properly announced the law. The judgment is therefore reversed and the cause remanded with directions to the circuit court to dispose of the case in accordance with the decision of the supreme court in case of *F. W. Hamilton v. The Home Insurance Company*.

All the judges concurring, it is so ordered.