PERRY BUCHANNAN, Respondent, v. EUGENE M. COLE *et al.*, Defendants; AURORA STATE BANK, Appellant.

St. Louis Court of Appeals, March 10, 1896.

Practice, Appellate : RES ADJUDICATA. The rulings of this court on a former appeal of a cause will not be treated as *res adjudicata* on a subsequent appeal thereof, if these rulings are opposed to conclusions subsequently reached by the supreme court.

*Appeal from the Lawrence Circuit Court.*—HON. EDWARD C. CROW, Judge.

AFFIRMED IN PART AND REVERSED IN PART *(with directions).*

*Jos. French* and *Thomas Whitney* for appellant.

*Jas. R. Vaughan* and *Norman Gibbs* for respondent.

BIGGS, J.—This is the second appeal in this case. *Buchannan v. Cole*, 57 Mo. App. 11. A brief restatement of the salient facts only is necessary. The Davie Mining and Development Company, a defendant here, had a mining contract with the Kentucky Mining Company for getting mineral from mining lots numbers 116, 117, 124, and 125. Under an agreement with the Davie Mining Company the defendant Cole erected on the premises what is denominated as a "gravity plant," which consisted of a building in which was certain machinery used for hoisting and separating lead and zinc ores. In the erection of this building, and in placing and fitting the machinery into it, the plaintiff performed certain work. Cole having failed to pay him, he filed a mechanic's lien on the building and machinery. The present action is to obtain judgment against Cole for the debt, and to enforce the lien. Cole had given the appellant bank a mortgage on the machinery, and it was, therefore, made a party defendant. We held on the former appeal that the Davie Mining Company had a leasehold interest in the land, and that the various articles of machinery in the building were fixtures and that the entire property was subject to the plaintiff's lien. The judgment of the circuit court, which was against the plaintiff as to the lien, was reversed and the cause remanded. The case was retried, and by consent of parties was submitted to the court without a jury upon the same testimony taken at the first trial. There was a judgment against Cole for the debt and subjecting the alleged leasehold interest, building and machinery, to its payment. From that judgment the appellant bank alone has appealed.

The case having been retried on the same evidence,

and the judgment of the circuit court being in conformity with our mandate, under ordinary circumstances an affirmance of the judgment would necessarily follow. But we are confronted with a state of facts which, under our peculiar judicial system, makes a review of the case perplexing, to say the least of it. The Springfield Foundry and Machine Company furni shed Cole with the machinery for the "plant." Cole faile d to pay for it, and the company was compelled a file a lien on the building and machinery, which it sought to enforce at the same time the present action was commenced. The parties defendants in each action were the same. The record before us shows that both cases were tried at the same time and upon the same evidence touching controverted questions. The liens were rejected in both cases, and both were appealed. That of the Springfield Company, by reason of the amount involved, went to the supreme court, where it was recently decided ( *Springfield Foundry and Machine Company v. Cole et al.*, 31 S. W. Rep. 922). It was there held that under the facts disclosed the engine, boiler and other machinery, were not fixtures, and hence were not subject to a mechanic's lien. This is contrary to the conclusion reached by this court, and, while we remain unconvinced of our error, it is our duty to reverse our holding as to the machinery. *Hamilton v. Insurance Company*, 35 Mo. App. 263.

The supreme court also held that the contract of the Davie Mining Company with the Kentucky Mining Company was not a lease, but only a license to dig mineral. Under this ruling the judgment of the circuit court enforcing plaintiff's lien as to the building and the alleged leasehold is likewise erroneous. However, as the only appellant here is in nowise interested in the building or the land, the judgment as to the build-

ing will be affirmed, but it will be reversed as to the machinery. The cause will be remanded, with directions to enter a new judgment in conformity with this opinion. All the judges concur.