CHYNOWITCH v. THE GRANBY MINING & SMELTING COMPANY, *Appellant.*

**Mines and Mining**: UNLAWFUL DETAINER. A mining notice or statement posted as required by section 6441, Revised Statutes 1879, prescribed, among other terms, conditions and requirements upon which the proprietor of the lots named in it would permit persons to engage in mining operations upon them, that no miner should acquire any right, title or interest in the land or the mineral taken

| 74 | 173 |
| 51a | 548 |
| 53a | 553 |
| 74 | 173 |
| 61a | 140 |
| 74 | 173 |
| 130 | 6 |
| 74 | 173 |
| 78a | 214 |
| 74 | 173 |
| 86a | 450 |
| 74 | 173 |
| 89a | 684 |
| 74 | 173 |
| 92a | 159 |

therefrom, but the mineral should always remain the property of the proprietor, and all payments made by him, whether in money or mineral, should be regarded as compensation only for the miner's labor ; that no miner should remove any mineral from the ground, except for delivery to the proprietor, under penalty of forfeiting his right to continue work, and that the proprietor should have the right, in case of forfeiture, to enter upon and take possession of the lot without giving any notice to quit or bringing any action.   In an action of unlawful detainer brought against the proprietor by a miner who had commenced work while this statement was posted, and, upon being detected removing mineral, had been expelled from the lot on which he was working;   *Held,* that the statement amounted to a license revocable upon condition broken, that by his act plaintiff had forfeited all his rights under the license, and that he had no such interest in the lot as entitled him to maintain the action.

*Appeal from Jasper Court of Common Pleas.*—HON. E. O. BROWN, Judge.

REVERSED.

*Harding & Buller* for appellant.

*J. Morris Young* for respondent.

NORTON, J.—This was an action of unlawful detainer for the recovery of the possession of a mining lot on land belonging to defendant, which being tried in the court of common pleas in Jasper county, where the cause was pending on appeal, the plaintiff had judgment, from which the defendant has appealed.

It appears from the record that plaintiff had been mining on said lot for about six months with the consent of defendant until April, 1878, when defendant's superintendent ordered him to quit work, and set some other men to work on said lot, thereby compelling him to quit.   The defendant claimed that the land on which the lot in question was situated, was subject to the provisions of the mining law, and that, under its rules and regulations, the plaintiff had a mere license to mine the lot as an employe

of the company, and was not in possession nor entitled to the lot, and that whatever rights he might have had, he had forfeited by reason of his violation of the rules and regulations of defendant, in running off mineral raised on said lot with intent to convert it to his own use.

The evidence offered on the trial tended to show that defendant had complied with section 6441, Revised Statutes, relating to mines and mining, by keeping a statement of the terms, conditions and requirements upon which the land on which the lot in question was located, might be mined, posted up in a conspicuous place in plain legible characters in the place of business of defendant; that said statement, among other conditions, contained the following, viz : that "no right, title or interest of, in and to any land, ores or minerals shall be acquired or owned by persons so mining, and it is hereby expressly stipulated, that all ores or minerals, whether the same remain in the ground or be severed or removed therefrom, are and shall remain in every event the absolute property of said company, and the said ores and minerals are the rent and royalty due said company, and that the lead delivered or money paid to miners, is not, and shall not in any event be considered as price paid for minerals or ores, but shall be only compensation for labor and services rendered by said miners, in working mining lots; that if any such miner shall, at any time, violate or fail to carry out any condition or stipulation herein contained, then, and in any such event, such party so violating or failing to carry out such conditions and stipulations, all rights of such party hereinunder or in respect of any and all lands of said company shall thereby become forfeited, and said company, without any notice to quit, or action to be taken, may immediately take possession of all mining lots * . * which such party may have been working." It was also provided in said statement that no miner was to remove any mineral from the ground except for delivery to defendant. The evidence also tended strongly, if not conclusively, to show

that plaintiff had removed mineral mined by him on said lot, with a view of converting it to his own use and depriving defendant of it, and that his purpose was only defeated by the vigilance of defendant. Upon this evidence the defendant asked the court to instruct, in substance, that if plaintiff had violated any of the stipulations contained in said statement he thereby forfeited all rights to mine said lot, and that plaintiff was merely working said lot under a license revocable upon conditions broken, and had no such interest in the lot as to enable him to maintain the action. Section 6441, Revised Statutes, expressly provides that after the posting up by the landlord of such a statement, as the evidence in this case shows was posted up, "all persons digging or mining on said lands shall be deemed to have accepted and agreed to the terms thereof, and shall, together with the owner or lessee, be bound thereby, and upon failure or refusal to comply with the terms, conditions and requirements of such statement, he or they shall forfeit all right thereunder, and the owner or lessee of such lands may re-enter thereon and take possession of the same.

Under this statute and the statement in evidence, and the cases of *Boone v. Stover*, 66 Mo. 430, and *Lunsford v. Lamotte Lead Co.*, 54 Mo. 426, the court erred in refusing the instructions asked by the defendant, and for this error the judgment will be reversed, in which all concur, except RAY, J., absent.