S. H. GARVEY *et al.*, Appellants, v. PETER GUNTHER *et al.*, Respondents.

Kansas City Court of Appeals, December 5, 1892.

Unlawful Detainer: MINING LOT: POSTED RULES: CONTRACT. The rules of a mining company posted according to law become a part of the contract and govern the possession of and operations on the mining lots of the company; and in this case, under such rules, the plaintiffs had forfeited their lots, and could not maintain unlawful detainer to regain possession thereof.

*Appeal from the Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*W. M. Robinson* and *Thomas & Hackney*, for appellants.

(1) The court erred in its instructions requiring the jury to return a verdict for the defendants. This instruction was evidently given on the theory that,

under the rules and regulations admitted in evidence, the plaintiffs had no right to the possession of the lot and shaft, for the reason that the evidence tended to show that they had not worked the lot in accordance with the requirements of the rule, and that they had forfeited their right to the continued possession of the lot. This view, we think, is erroneous, the main object of the statute being to preserve the public peace, and prevent parties from asserting their rights, real or supposed, by force and violence. The action will lie, irrespective of the question as to whether the defendants had the legal right of possession, or a right of entry, the gist of the action being the unlawful entry and dispossession of the plaintiffs, and the withholding of the possession after demand made in writing. 8 American & English Encyclopedia of Law, 102; *Dilworth v. Fee*, 52 Mo. 130; *Hyde v. Fraher*, 25 Mo. App. 414. (2) The action of the court in giving said instruction was evidently based on the case of *Chynowitch v. Mining & Smelting Co.*, 74 Mo. 173. But that case bears no analogy to the case at bar.

*McReynolds & Halliburton,* for respondents.

The court committed no error in admitting the rules and regulations of T. N. Davey & Co. in evidence. The appellants had no such possession of the property in controversy as would authorize them to maintain this action; they were simply there as licensees, and were only entitled to be paid the value of mineral taken out, less the royalty. Revised Statutes, 1889, sec. 7034; *Chynowitch v. Mining & Smelting Co.*, 74 Mo. 174; *Boone v. Stover*, 66 Mo. 430. *Lunsford v. Lead Co.*, 54 Mo. 426; *McHose v. Ins. Co.*, 4 Mo. App. 514.

ELLISON, J.—This is an action for unlawful detainer. At the close of plaintiffs' case, defendants

offered a demurrer to the evidence which was sustained, and plaintiffs appeal.

The evidence puts the case outside the rule governing ordinary actions of unlawful detainer, and the case has for that reason been properly disposed of by the trial court. Thomas N. Davey & Co. were the owners and proprietors of mining lands in Jasper county, and it seems had it laid off into mining lots. These lots and operations upon them were governed by a printed statement or rules posted on the walls of the company's office as provided by section 7034, Revised Statutes, 1889. The material portion of the rules referred to is as follows:

"Rule 1. Parties desiring to mine on our lands, the southwest quarter of the northeast quarter of section number 21, township 28, range 32, in Jasper county, Missouri, must subscribe to and abide by these rules."

"Rule 4. Mining lots, when not worked for six consecutive days, will be forfeited, and it shall not be necessary for the company to notify in any manner the parties operating or working any lots, previous to forfeiting said lots; and a small amount of work done on a lot now and then will not hold it, but all lots must be worked in good faith, diligently and continuously."

"Rule 6. Water in a shaft will not hold a lot, and notice in writing signed by the parties operating the lot must be immediately left at the office of the company when water causes work to cease. The superintendent shall decide whether the lot shall be worked or forfeited.

"Rule 7. The company must be notified in writing immediately of the cessation of the work from any cause, and the notice must state the reason for stopping work, and then such time will be given in writing as the company deem advisable.

"Rule 8. No property right shall be acquired to any ore on or in said land except the price or value of digging and mining the same as set forth in rule 2.

"Rule 9. The company must be immediately notified in writing of any change of parties operating lots, and such notice must immediately state the date of the change and the name of the parties purchasing, and be signed by the party or parties selling, and such change must then be recorded in the company's register of lots."

"Rule 13. A failure to comply with any or all of these rules in any particular shall be deemed sufficient cause for the forfeiture of the rights of any party or parties operating any lot or lots on said lands, and said violation of the rules in any respect shall forever bar all who are guilty thereof from setting up any claim, right or privilege in or to said lot or lots operated by them. And, in order to forfeit any lot or lots on said land for any cause, it shall not be necessary for the company to take any step whatever, and the party or parties operating said lot or lots shall be entitled to no notice of any kind from the company, previous to a forfeiture or thereafter."

By the terms of the statute aforesaid plaintiffs must be held and considered to have accepted the conditions and restrictions contained in such statement. The statute has been applied and upheld in a case much like the one at bar. *Chynowitch v. Mining & Smelting Co.*, 74 Mo. 173.

The testimony for plaintiff showed, without contradiction, that they had violated the conditions upon which they were licensed to mine upon the land aforesaid. They ceased work for a much longer period than the rules permitted. Conceding that there was a just cause or excuse for the cessation of work, no notice, as required by rule 7, was given to the company. It is

quite apparent why the rules just noticed should be rigidly complied with; otherwise the proprietor's lands might be held indefinitely to his great loss and annoyance, to say nothing of his interests being held in suspense and uncertainty.

The judgment will be affirmed. All concur.