B. H. FISHER, Respondent, v. H. T. DURING, Appellant.

Kansas City Court of Appeals, April 17, 1893.

1. **Practice, Appellate:** EVIDENCE: SPECIAL FINDING. Where there is substantial evidence to support the special finding of facts made by the trial court, the appellate court will not look behind such findings to determine the merits of the action.

2. Action: MONEY HAD AND RECEIVED: · FORFEITED MINE. Defendant received from plaintiff money as an alleged consideration for the sale and transfer of an interest in a mining lease which defendant claimed to own, but in fact had forfeited, and plaintiff got nothing. *Held,* plaintiff could recover the money so paid.

3. Mines and Mining: FORFEITURE: LEGAL PROCESS. There is no necessity for the licensor in a mining license to take legal steps to declare a forfeiture, where the license contract had become forfeited and authorized the licensor's entry without any notice or legal process.

*Appeal from the Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*E. O. Brown & G. P. Whitsett,* for appellant.

(1) The instruction given for the plaintiff was clearly erroneous and ought not to have been given, because it submitted issues not made by the pleadings. *Hassett v. Rust,* 64 Mo. 325; *Gessley v. Railroad,* 26 Mo. App. 156; *Waddingham v. Hulett,* 92 Mo. 528; *Larimore v. Legg,* 23 Mo. App. 645; 75 Mo. 96. (2) The undisputed evidence shows that, at the time of the contract with Fisher·and his associates, no steps whatever had been taken by the Lamb Mining Company towards forfeiting the lot on defendant.

*McReynolds v. Halliburton,* for respondent.

(1) There is no variance between the petition and evidence and finding of the court, and, if there was, appellant did not properly raise it or save it. Revised Statutes, 1888, secs. 2096-2097; *Olmstead v. Smith,* 87 Mo. 602; *Shelton v. Putnam,* 76 Mo. 434. (2) The Lamb Mining Company did not have to take any steps to forfeit During & Butcher's license. Their own act made the forfeiture complete. Revised Statutes, 1889, sec. 7030; *Chynowitch v. Mining & Smelting Co.,* 74

Mo. 174; *Garvey v. Gunther*, 51 Mo. App. 545. (3) This case was submitted to the court, sitting as a jury, and there is ample evidence to support the finding. *Shoeden v. Mason*, 25 Mo. App. 190-4; *Morgan v. Wood*, 38 Mo. App. 255.

GILL, J.—This action was brought before a justice of the peace and is for the recovery of $25, the amount plaintiff alleges he paid defendant on the purchase of a one eighth interest in a mining lease or license then claimed to belong to defendant. The substance of the complaint was that defendant owned no such interest and failed to convey the same to plaintiff, and that therefore the money was paid to defendant without consideration. On a trial before the justice plaintiff recovered. The case was then taken by appeal to the circuit court, where on a trial anew before the court without a jury plaintiff again had judgment and defendant appealed.

At the trial, on defendant's request, the court made a special finding of facts, and the same reads as follows: "That the defendant During and one Charles Butcher on December 3, 1889, were by the Lamb Mining Company granted a license to mine on certain lots in Lamb's second addition to Carthage upon the terms and conditions contained in the statement of said mining company, to which defendant During and said Butcher subscribed as provided by law in relation to mines and mining, and thereafter sunk a shaft on said lots one hundred and twenty-one feet deep. Said right to mine was granted for the term of five years, and by the terms of said statement such mining was to be carried on continuously and uninterruptedly, and failure to do so for longer period than three days to create a forfeiture and right to enter upon such mining lot without any

notice or legal process. No interest in the land or ore mined was granted or conveyed; that such right to mine was not to be sold or assigned or sub-let without written consent entered on the mining register of said company, and such attempted transfer should forfeit such right against all parties thereto. No use of the land was granted, and violations of the terms and conditions should forfeit any rights acquired thereunder.

"The court finds that after sinking such shaft said Butcher and During ceased prospecting on said lots and sold their horse and removed their machinery, tubs and tools from said lots and had ceased all mining operation thereon, and abandoned same to the Lamb Mining Company, leaving said company in exclusive possession thereof long prior to selling an interest to plaintiff, and more than three days prior thereto; that thereafter During sold to plaintiff and attempted to transfer to him for $25, paid by plaintiff, and one eighth interest in said right to said mine and mining lots without the written consent thereto of said company, and at the time thereof said lots were forfeited and defendant had abandoned possession thereof, and the Lamb Mining Company was in exclusive possession; that, upon again entering to drill in compliance with the written contract with plaintiff and others given by During, the Lamb Mining Company notified them not to drill, and forbade same, and that they had no further right to mine, and commenced legal proceedings to eject them from the land before the first fifty feet mentioned were drilled, and prosecuted same to judgment against defendant and Butcher.

"The court finds that, at the time of such attempted transfer to plaintiff, defendant During had no right or authority to make same, and that said lots were for-

feited, and that plaintiff received no consideration for the money paid by him, and is entitled to recover same from defendant During."

A careful review of this record fails to disclose any such error as will justify a reversal. As to the instructions it may be conceded that they are some what incongruous—particularly is this to be said of defendant's number 5 when compared with an instruction given at plaintiff's request. But, notwithstanding this, the facts as found by the court justify the assertion that the judgment at all events is clearly for the right party and ought to be affirmed. We find by reading the testimony that every substantive fact set out in the court's finding has substantial evidence to support it, hence, we will not look behind such finding to determine the merits of the action. The case then is simply this: Defendant received from plaintiff the sum of $25 as an alleged consideration for the sale and transfer of a one eighth interest in a mining lease or license which the defendant claimed to own, but which in fact he did not own, but it had been long since forfeited, and plaintiff was unable to get anything because the defendant had nothing to convey. Nor indeed did defendant attempt to convey anything, but refused so to do.

Defendant had, it is true, some time prior to this pretended sale to plaintiff, a license to mine on certain lots belonging to the Lamb Mining Company; but said license had been lost by non-user and abandonment in accordance with the terms of his agreement with the mining company. He had deserted the work, sold his machinery and tools, and had failed for the period of two years to work under the license, whereas by the terms of such license agreement if he failed for a longer time than three days to work the mine his rights became *ipso facto* forfeited.

It was not required of the Lamb Mining Company to take legal steps to declare a forfeiture; for by the express terms of the mining contract had between it and defendant such license had become forfeited, and the company was authorized to take possession as it did, "without any notice or legal process." *Garvey v. Gunther*, 51 Mo. App. 545; *Chynowitch v. Mining Co.*, 74 Mo. 174.

Under the facts as they were found by the trial court, the judgment was for the right party and will be affirmed. All concur.