BINGO MINING COMPANY, Appellant, v. DAVID FELTON
et al., Respondents.

Kansas City Court of Appeals, January 16, 1899.

1. **Mines and Mining**: RULE GOVERNING LICENSEE'S PROPERTY IN OUT-
PUT: POSSESSION: UNLAWFUL DETAINER. A rule making the money
paid registered miners for the proceeds of the ore, full compensation
for their work and retaining the title of the ore in the licensor,
does not affect the question of the possession of the miners in the
lots assigned them in the absence of an action taken by the licensor
under the rules for a violation thereof, and unlawful detainer will
not lie.

2. **Appellate Practice**: CONFLICTING EVIDENCE: INSTRUCTIONS: FIND-
ING: FORCIBLE ENTRY. Where there is evidence supporting the con-
tention of each party and instructions conform to the requirements
in forcible entry actions, the appellate court is concluded by the
verdict.

3. **Mines and Mining**: MINER'S POSSESSION: EFFECT OF RULES:
LICENSE. A miner can not without cause be arbitrarily dispossessed
of his lot. He must have done something in violation of the rules
which have become a part of the contract between the parties before
his rights can be forfeited. The license is contractual and can be
ended only by consent or condition broken.

*Appeal from the Jasper Circuit Court.*—HON. J. D.
PERKINS, Judge.

AFFIRMED.

GALEN & SPENCER for appellant.

(1) Respondents had a license to work and produce
ore, which belonged to the licensor, and their compensation
for this work was determined by the amount of ore pro-
duced. Therefore they never had any possession of the
premises in controversy, and could not assert such right or

license as a defense in this action, and the trial court should have directed a verdict for appellant. Garvey v. Gunther, 51 Mo. App. 545; Zinc Co. v. Freeman, 75 Mo. App. 524; Chynowitch v. Granby, etc., Co., 74 Mo. 173; Boone v. Stover, 66 Mo. 430; Lunsford v. Lead Co., 54 Mo. 426; McHose v. Ins. Co., 4 Mo. App. 514-521. (2) Under the undisputed evidence on the part of both appellant and respondents, the appellant was in possession of the entire forty acres, including the lots in controversy, when respondent ousted it. Respondents did not seek to dispute such possession, but undertook to avoid the effect of that fact. The evidence failed to accomplish this end. Appellant had gone on the land under the lease, moved machinery from the lots in controversy, drained same of water, notified defendants they could not have same, and exercised acts of dominion over these lots. It was in the possession of these lots when respondents ousted it. Hoffstetter v. Blattner, 8 Mo. 276; Willis v. Stevens, 24 Mo. App. 494-500; Bradley v. West, 60 Mo. 59; Bank v. Clavin, 60 Mo. 559-562. Possession of any part claiming the whole under the lease was a possession of the entire tract. Hosli v. Yokel, 58 Mo. App. 169; Kincaid v. Logue, 7 Mo. 167; Bank v. Clavin, 60 Mo. 559. The question is not whether appellant's possession was rightful or wrongful. It was in actual possession and that is sufficient. King's Adm'r v. Gas Light Co., 34 Mo. 34.

CUNNINGHAM & DOLAN for respondents.

(1) Defendants did have actual possession of the two lots under the mining rules and regulations signed by them. It is not as appellant says in its brief, that because the ownership of the ore was contracted to remain in the Joplin City Mining Company, thereby the defendants could not have such a possession of the two lots as to defend against this action. The mining rules and regulations constituted the

contract between the Joplin City Mining Company and the defendants, and rule number 10, cited by appellant, attempts to fix the ownership of the ore mined by defendants as being in the Joplin City Mining Company—but this is all it does. The statute does this. R. S. 1889, sec. 7038. And that statute was in force before the Chynowitch case, 74 Mo. 175, cited by appellant. The right to prospect, mine and occupy the lots lasted three years from the date of signing the mining rules and regulations, which would be three years from September, 1896, subject, of course, to an observance of such rules and regulations. There is no claim that the defendants violated the rules or regulations. (2) Defendants were not servants of the Joplin City Mining Company, as suggested. They were to pay a stipulated royalty. This contract, in effect, made defendants undertenants of the Joplin City Mining Company. This view must be taken from necessity. The defendants were not mere licensees. Kirk v. Mattier, 140 Mo. 31, and authorities cited. (3) The fact that the ownership of the ores by the rules and regulations was to be in the lessor, the Joplin City Mining Company, does not prevent the contract being a lease, for the statute, as between the landowner and the lessee, retains the ownership of the ores in the landowner. R. S. 1889, sec. 7038.

ELLISON, J.—This is an action of forcible entry and detainer for two mining lots, in which defendants prevailed in the circuit court.

O'Keefe was the owner of forty acres of mineral land in Jasper county. He leased it to the Joplin Mining Company for mining purposes. That company divided the tract into mining lots each about two hundred feet square. That STATEMENT. company posted mining rules and regulations as provided by section 7034, Revised Statutes 1889, and opened a mining register where the defendants signed the

Bingo Mining Co. v. Felton.

register for the two lots in dispute and entered upon the lots with mining machinery for the purpose of prospecting and mining. Plaintiff bought the Joplin company's lease and entered on the whole tract including, as it claims, the lots in controversy. By the act of registering for the lots and entering upon them, defendants became entitled to mine for ore, paying to the owners or lessors of the land the royalty in the time and manner provided by the rules aforesaid. We have no doubt that this gave defendants a possession of the lots which could not be forcibly taken from them against their will, without some process of law, or some violation of the rules aforesaid. They were, indeed, in full actual possession under the rules aforesaid and were in the work of taking out ore. But plaintiff relies upon the following section of the rules as showing that defendants were mere servants of the leaseholders and had no possession:

"Sec. 10. The title and ownership of all lead and zinc ore produced from said land shall remain in the said company, and shall not at any time become vested in the person or persons mining the same, and the money paid to parties mining on said land, from the proceeds of the ore sold as aforesaid, shall be regarded as full compensation for mining, cleaning and disposing of said ore, and for all services rendered in connection therewith, and the privilege hereinbefore granted those mining on said land, to sell and dispose of all ore by them produced, shall not be considered or construed as vesting in them the title and ownership of such ore."

That section does not affect the question of the possession of the miner, in the absence of any action taken by the lessor under the rules for a violation thereof.

MINES and mining: rule governing licensee's property in output: possession: unlawful detainer.

This case does not present a question of the rights of the parties under the rules, as no action was taken or asserted thereunder. Therefore the cases of Garvey v. Gunther, 51

Mo. App. 545; Zinc Co. v. Freeman, 75 Mo. App. 524, and Chynowitch v. Granby, etc., Co., 74 Mo. 173, are not applicable.

Passing to the case as presented in the trial court, we find that plaintiff claims to have taken possession of the lots in controversy by reason of taking possession of the forty acres as an entirety. The claim is, in effect, that defendants abandoned the lots, and afterwards reentered against plaintiff's will. On the other hand defendants claim to have continued their possession and occupation of the land. There was evidence tending to support the contention of each party and the instructions given by the court were those usually given in forcible entry cases. Under the direction of these the verdict was for defendants. We feel concluded by this.

Plaintiff, however, contends that under the mining rules we have referred to defendants had no such possession as enabled them to defend this action. An instruction was asked and refused to that effect as follows: "You are further instructed that if you believe from the evidence, that defendants were mining on the lots in controversy under the mining rules and regulations of the Joplin City Mining Company, introduced in evidence, then, under said rules, said defendants acquired no possession of said lots sufficient to constitute a defense in this action, and your verdict must be for the complainant."

If by this instruction it was sought to declare, as a matter of law, that the mining rules as applied to the evidence in the cause, nullified defendants' defense, then it was properly refused. If it was intended to declare that a miner accepting such rules and entering upon land thereunder, thereby disabled himself from defending an action of this nature, it was likewise properly refused. The miner

can not, without cause, be arbitarily dispossessed of his lot. He must have done something in violation of the rules, which have become part of the contract between the parties, before his rights can be forfeited. The case of Boone v. Stover, 66 Mo. 430, we think, supports this view. And so it is said in Shepard v. Drake, 61 Mo. App. 134, that the license is contractual to be ended only by consent or by condition broken.

In our opinion there is nothing presented in the record justifying a reversal and the judgment will therefore be affirmed. All concur.