JACK HARVARD ZINC AND MINING COMPANY, Respondent, v. THE CONTINENTAL ZINC AND LEAD MINING AND SMELTING COMPANY, et al., Appellants.

**Kansas City Court of Appeals, April 4, 1904.**

1. **MINES AND MINING: Injunction: Petition: Licensee.** A petition by a mining licensee for flooding his lots is examined and held sufficient.

2. ————: **Licensee's Right.** Though a mining licensee can not recover possession of the property when out, he still has rights which the courts will protect.

3. ————: **Licensee: Licensor.** While under the rule governing licensees, the licensor has large authority it is not arbitrary so as to hamper the licensee's enjoyment of the property and the licensor must act in a reasonable manner.

4. **APPELLATE PRACTICE: Equity Cases: Deferring to Trial Court.** Where in equity cases the evidence is conflicting the appellate court may defer to a certain degree to the finding of the chancellor.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Thomas & Hackney* for appellants.

(1)   The plaintiff's petition does not state facts sufficient to constitute any cause of action nor to entitle

the plaintiff to an injunction against the defendants preventing the opening and maintaining of the ditch in question. Rochester v. Mining Co., 86 Mo. App. 447; Arnold v. Bennett, 92 Mo. App. 156. (2) The evidence introduced on the trial is wholly insufficient to justify and support the decree of the trial court making the injunction perpetual, and the trial court erred in overruling the motions to dissolve the injunction and in granting the plaintiff the relief prayed. (3) Under the evidence in this case the maintenance and operation of the ditch in question did not interfere with the plaintiff's mining operations on its lots. (4) The plaintiff can not claim the benefits obtained by it by registering under the Continental Company's rules and beginning mining operations thereunder on the mining lots and at the same time repudiate any of the rights reserved by the Continental Company in such license. R. S. 1899, sec. 8766; 18 Am. and Eng. Ency. Law (2 Ed.), pp. 1128, 1134, 1135.

*McAntire & Scott* for respondent.

(1) The plaintiff's petition does state facts sufficient to constitute a cause of action and entitle the plaintiff to an injunction preventing the opening and maintenance of the ditch in question. High on Injunctions (3 Ed.), sec. 721; Bank v. Kercheval, 65 Mo. 682; Harris Township Board, 22 Mo. App. 465; Bailey v. Wade, 24 Mo. App. 190; Lakenan v. Railroad, 36 Mo. App. 372; Heman v. Wade, 74 Mo. App. 339; Sells v. Goodyear, 80 Mo. App. 128; Dug v. Arnold, 75 Mo. App. 68; Mill Company v. Danburg, 8 M. M. R. 528; Iron Co. v. Reymert, 7 M. M. R. 528; Wardell v. Watson, 93 Mo. 107. (2) An injunction will lie even for a license where the licensor interferes with his rights under the license during the period of the license. Noble v. Sherman, 151 Ind. 573; Beaty v. Gregory, 17 Iowa 109; Harkness v. Burton, 39 Iowa 101; Boone v. Stover, 66 Mo. 430. (3)

It is not true as stated by appellant's counsel that the license of plaintiff only consisted of the right of "digging, extracting and cleaning ores," the license extended further than that, everything incident to digging, extracting and cleaning ores was included. Boone v. Stover, 66 Mo. 430; Wardell v. Watson, 93 Mo. 107. (4)   While the judgment of the trial court in an equity case where the evidence is oral is not conclusive, yet it will be granted proper deference by the appellate court, since that court hears the testimony of the witnesses and sees their actions on the stand.   Shanklin v. McCracken, 151 Mo. 587.   And unless he has manifestly disregarded the evidence, the appellate court usually, upon the question of fact, defers to the trial court.   Hartley v. Harley, 143 Mo. 216.

ELLISON, J.—This proceeding is by injunction whereby plaintiff seeks to enjoin defendants from causing water, slime and mud to be thrown upon and across certain mining lots where plaintiff was mining lead and zinc as licensee.   A temporary injunction was granted which, afterwards, on trial was made perpetual.   Defendants appealed.

It appears that defendant, The Continental Zinc and Lead Mining and Smelting Company is the owner in fee of a tract of mining land in Jasper county and the other defendant, the Marion Mining Company, is one of its licensees engaged in mining, and that plaintiff is also one of its licensees and is also engaged in mining on said tract; that the tract of land is divided up into mining lots and that said Continental company has complied with the statute (Revised Statutes 1899, sec. 8766) by posting its mining rules under which miners who register thereunder as provided by the rules and statute are to be governed.   Plaintiff duly registered with said Continental company for mining lots 58, 59, 60, 61, 66 and 67, whereby, under the rules aforesaid, plaintiff became entitled to the exclusive right to mine said lots

until the thirty-first of December, 1909. That defendant, the Marion Mining Company's lots which it is mining are near by those of plaintiff.

Plaintiff has a number of shafts opened on its lots and it has expensive and costly machinery operating such mines, by which many tons of waste rock is being daily hoisted to the. surface and has there to be deposited. That on account of the time plaintiff has been opening its mines and has yet to operate them under the license aforesaid, it does and will need all the surface of its said lots, that it may have the proper profitable enjoyment of its license. That defendants, disregarding plaintiff's rights aforesaid, cut a ditch from a pond located near by, over and across the lots upon which plaintiff was mining, thereby taking a portion of plaintiff's lots which is necessary to it for piling waste rock and tailings. That defendants then discharged water and "sludge" across plaintiff's lots which came out over the surface rendering much of it so wet and so covered with mud as to exclude plaintiff from a proper enjoyment thereof. That plaintiff to protect itself deposited a quantity of rock in said ditch on its lot so as to prevent the flow of water and mud over and across its mining ground. That defendants threaten to remove said obstruction and to continue. to flood plaintiff's lots.

The foregoing is the substance of the allegations of the plaintiff's bill and we think, contrary to defendants' contention, that it states ground for relief. Bank v. Kercheval, 65 Mo. 682; Harris v. Township Board, 22 Mo. App. 465; High on Injunctions, sec. 721.

But it is contended by defendants that the relation existing between plaintiff and the Continental company made plaintiff a mere licensee, without such interest or right as to prevent the Continental company from using the property in the manner described. We think such view too narrow to meet the ends of justice. It is true that plaintiff is a mere licensee without such possession of the property as would give it a right to maintain

the action of forcible entry and detainer (Rochester v. Mining Co., 86 Mo. App. 447). But it has a right to enjoy its license so long as it obeys the rules and the license is undetermined, and so it was stated in the Rochester case. Because a licensee, it is not debarred of civil rights. Suppose defendant had asserted a right to turn the ditch into the mouth of one of plaintiff's shafts, could it not have the restraining power of the courts to prevent such act? That is an extreme supposition but it only differs in degree from the right here claimed.

Defendants invoke the two following rules under which plaintiff registered, as measuring the rights reserved to the Continental company:

"4. No interest in land or ores therein shall be acquired, held or claimed, or in anywise affected by any person mining on said land, by reason of registering, mining or working thereon or therein, and all shafts and drifts therein, with the timbers supporting the same, shall belong to this company, and persons sinking or cutting the same shall have no interest therein except the use thereof, under the terms hereof, so long as the terms are complied with, and no longer."

"10. This company reserves and shall have the right to regulate the location of shafts, machinery and improvements, to occupy such lots or part of lots as are required for the company's use in locating company machinery, etc., to regulate the piling of waste, to control and regulate wash places, and generally to give such directions about mining and the management of the business as it may deem proper."

Those rules, as applied to this case, especially rule number ten, give much control to the licensor, but they do not confer an arbitrary right to unnecessarily cut off or hamper the licensee's enjoyment of the privilege of using the property for mining purposes. The licensor should exercise his superintending control in such reasonable manner as will not unnecessarily interefere with

his licensee's use.   And so in instances of conflicting interests, the courts, recognizing the rights of licensor and licensee, must determine each case on the facts which it presents.

In this case, we are of the opinion that the facts made to appear in evidence show that defendants could have accomplished the purpose of draining the ponds by pursuing an altogether different course. By the plan they adopted they unnecessarily interfered with plaintiff's use of its lots.   They flooded parts of them, at times, with mud from six to twelve inches in depth. They endangered the operation of one of plaintiff's shafts and also put plaintiff to much inconvenience and unnecessary annoyance.   Defendants' course towards plaintiff was such that if not stopped by the interposition of the court, would finally deprive plaintiff of the use of a part of its mines.

There was conflicting evidence in the case, but we believe we have arrived at the proper conclusion.   Besides, where there is such conflict though it is an equity case, appellate courts defer, to a certain degree, to the finding of the chancellor.   Shanklin v. McCracken, 151 Mo. 587; Hartley v. Hartley, 143 Mo. 216.

It is proper to add, that we do not mean to decide that in no circumstances could the licensor cut a ditch through the ground being mined by the licensee.   It is not necessary to the disposal of this case to decide such question.

The judgment will be affirmed.   All concur.