### G. W. and F. V. Goodrich vs. Hiram Hathaway.

That if A sell B 20,000 feet of timber standing on A's lot, and B goes on and
cuts a part, he has sufficient possession to maintain trespass on the freehold
against a stranger who should cut and carry away the rest.

That such action is appealable, though the *ad damnum* does not exceed ten dol-
lars.

This was an action of trespass brought before a Justice of the
Peace, demanding damages ten dollars. The declaration contain-
ed three counts. The two first were for cutting and carrying
away certain pine trees ; the third and the last count was for ta-
king and carrying away five pine saw-mill logs, the prop-
erty of, and in the possession of, the plaintiffs. The cause was tried
before the justice by a jury, who found a verdict for the plaintiffs
on the third count for the sum of $ damges and their costs ;
and the said justice entered judgment on the verdict for the
plantiffs for $ damages, and their costs, taxed at $ The
defendant appealed from said judgment to the County Court next
to be holden within and for the county of Franklin, which appeal
was duly entered in said court ; and afterwards at the April Term
of said court, 1828, the plaintiffs filed their motion to dismiss
said appeal, alledging that said action was not appealable, and
that said County Court had not jurisdiction thereof, and therefore
prayed that the same might be dismissed : but said court at their
adjourned Term, in June 1828, decided that they had jurisdiction
of said appeal : whereupon said action came on for trial before a
jury ; and on the trial the plaintiffs proved that one *Samuel Haw-
kins,* in the month of December, 1825, was the owner of lot No.
146 in the town of *St. Albans,* and of a quantity of pine timber,

standing on said lot; and that during that month the said *Samuel* sold to the plaintiffs about twenty thousand feet, board measure, of said timber, in which sale was included one large pine tree, then standing on said lot; and that in the spring of A. D. 1826 the said *Samuel* conveyed said lot of land to *William Hawkins*, reserving the timber sold to the plaintiffs as aforesaid; that, soon after the said lot was conveyed as aforesaid, the plaintiffs purchased of the said *William* the residue of the pine timber standing on said lot; that, after the purchase of the timber of the said *Samuel*, as aforesaid, and before and after the conveyance of the land, as aforesaid, to the said *William*, and after the plaintiffs had purchased said timber of the said *William Hawkins*, the plaintiffs went on to said lot, cut and drew away a part of the timber purchased as aforesaid of the said *Samuel* & *William*; and that afterwards, the defendant applied to the said *William* to purchase a part of said large pine tree, which was then standing on said lot; the said *William* informed the defendant that the plaintiffs owned said tree, and that he had no right to sell the same; but told the defendant that he thought there would be no harm done if he cut the tree; after this the defendant cut said tree, and carried away about ten feet of the butt. Several weeks after said tree was cut, the plaintiffs with the said *William*, went to the said tree which had been sawed into three logs, which were then lying on said lot; and the plaintiffs there requested the said *William* to inform the defendant that he, the defendant, must not remove or saw said logs; and afterwards, and before said logs were removed or sawed, the said *William* informed the defendant as requested by the plaintiffs. The plaintiffs further introduced evidence tending to prove, and insisted that they had proved, that the defendant afterwards took and carried away said logs from said lot, and out of the possession of the plaintiffs, and converted the same to his own use. The court charged the jury that the plaintiffs, had not possession of the land, and therefore could not maintain trespass for cutting the tree; and that the property of the said logs, was, at the time they were cut, in *William Hawkins*; and unless the jury found that said logs were sold and delivered to the plaintiffs, after the same were cut or sawed from said tree, they must find a verdict for the de-

fendant. To the said decision and $\Big\{$ Franklin, Jan. 1829.
charge of the court, the plaintiffs ex- $\Big\{$ Goodrich vs. Hathaway.
cepted. The cause was removed to this court on a motion for
a new trial founded on said exceptions.

*Fisk and Soule for the plaintiffs, contended.* 1. That the
County Court had not jurisdiction of the appeal from the judg-
ment of the justice, as the plaintiffs did not demand in damages
in said action a sum exceeding *ten dollars.*—*Stat. p.* 139, *sec.* 5.

2. The cutting and carrying away by the plaintiffs a part of the
timber purchased, with the consent of *Hawkins,* was a part per-
formance of the contract, and gave the plaintiffs a legal title and
possession of all the timber included in the parole contract.—
*Roberts on Frauds,* 147,–8,–9, 153.—*Sw. Dig.* 261.—6 *East,*
602, *Crosby* vs. *Wadsworth.*

The defendant's counsel submitted the case without any brief or
argument.

HUTCHINSON, J. announced the opinion of the court. It ap-
pears by the case, that one *Samuel Hawkins,* owning a piece of
land, sold to the plaintiffs about 20,000 feet, board measure, of
the standing pine timber, including one large pine tree ; and then
sold the land to *William Hawkins,* reserving the timber sold to
the plaintiffs, as aforesaid. The plaintiffs then purchased of said
*William Hawkins* the residue of the pine timber on said lot ; and
the defendant cut and carried away the large pine tree. Prior to
this, the plaintiffs had entered, and cut and carried away a part of
the timber they had thus bought of said *Samuel* and *William.*

The court instructed the jury, that this showing did not place
plaintiffs sufficiently in possession to enable them to maintain tres-
pass upon the freehold. We consider this instruction incorrect.—
The plaintiffs having made the two purchases of timber, and gone
on to the land, and cut a part, had as much the possession of
the land, for the purpose of getting off this timber for their own
use, within the time agreed, or within a reasonable time, as if they
had owned the land. Though *William Hawkins* told the defend-
ant he apprehended no difficulty in his cutting the pine tree, he
also told him it belonged to the plaintiffs, and that he had himself
no right to it ; and also told the defendant, before he took the
whole, that the plaintiffs said he must not remove the same. The

Franklin, Jan. 1829. ⎰ own er of the land sets up no claim, and the
*Goodrich vs. Hathaway.* ⎱ defendant is a stranger to the title. This virtually decides the question of jurisdiction.

The action is properly an action of trespass upon the freehold. The plaintiffs having recovered upon the third count only, makes no difference about the appeal, which brings up the whole action. Further, though trover might have lain for the logs that were cut ; so will trespass also, and trespass upon the freehold. The appeal is expressly given by the statute, which gives jurisdiction of such actions to a justice of the peace. The decision of the County Court sustaining the appeal, was correct ; but, for the errors in their charge to the jury, the judgment is reversed, and a new trial granted.

*Fisk* and *Soule,* for the plaintiffs.

*Richardson* and *Sheldon,* for the defendants.