CHARLES A. COOPER *vs.* SAMUEL A. JOHNSON.

Essex.   November 4. — 24, 1886.   DEVENS & W. ALLEN, JJ., absent.

An iron boiler placed in a building by a tenant at will, upon a foundation of brickwork and cement, the edges of the brickwork being cemented before the boiler was placed thereon, to keep it in place, and an iron tank similarly placed, do not become a part of the realty.

REPLEVIN of the following articles, among others: three kettles, one upright tubular boiler of twenty horse-power, one iron tank, and one platform scale.   Trial in the Superior Court, before *Mason*, J., who allowed a bill of exceptions, in substance as follows :

The plaintiff offered evidence tending to show that, on January 26, 1885, William H. Winslow and Company conveyed to

him, by a bill of sale, certain articles named in the plaintiff's writ, to secure him for certain indebtedness of Winslow and Company to him. On the day when the plaintiff took the bill of sale, he was, and had been for a number of years, the foreman of the shop where Winslow and Company were carrying on the business of rendering grease, and where most of the articles were. Winslow and Company were tenants at will of the Misses Nichols. The building occupied was a low one story and a half structure, with a floor of earth, and apt to be wet in the winter.

The plaintiff, at the time the bill of sale was delivered, had the key to the building, and, so far as known, held it at the time of the attachment.

The defendant, a deputy sheriff, attached the property in question on June 22, 1885, upon a writ against Winslow and Company, and in favor of the Misses Nichols, for rent. The plaintiff made a demand upon the defendant for the property attached.

Upon cross-examination, the plaintiff testified that the upright tubular boiler was placed upon a foundation of brickwork and cement, the edges of the brickwork being cemented before the boiler was placed thereon, to keep it tight; and that the iron oblong tank was similarly placed. These articles were placed there by Winslow and Company.

The defendant offered in evidence the writ and officer's return, upon which the attachment was made; and also evidence tending to show that, when he made the attachment, the door of the building was unlocked and no one in possession, and he procured a key from the Misses Nichols and locked the door, putting on a new lock. The defendant contended that the tank and the upright tubular boiler were part of the realty.

The judge instructed the jury, that, for the purposes of this trial, they would not be justified in finding that either the boiler or the tank was part of the realty, but both were to be taken as personal property.

The jury found for the defendant as to the scale and one kettle, and for the plaintiff as to the rest of the articles; and the defendant alleged exceptions.

*C. Sewall,* for the defendant.

*C. W. Richardson,* for the plaintiff.

C. ALLEN, J.   There was no contradictory evidence, and it is assumed by both parties that the facts testified to by the plaintiff's witnesses are true.   It thus appears that the boiler and tank were placed in the building by Winslow and Company, who were tenants at will.   Whether their tenancy had ended or not, is not mentioned in the bill of exceptions.   The boiler was placed on a foundation of brickwork and cement, the edges of the brickwork being cemented before the boiler was placed thereon, to keep it tight, that is, in place.   The tank was similarly placed.   It is apparent that these articles could be used equally well elsewhere, and that the fastening, such as it was, was merely to keep them in place.   They were easily removable.   There is nothing to show that the defendant contended at the trial that a reasonable time for their removal had expired, and no such question is presented by the bill of exceptions. The boiler and tank remained personal property, and indeed were so treated by the defendant and the owners of the building in making the attachment.   *Hubbell* v. *East Cambridge Savings Bank,* 132 Mass. 447.   *Carpenter* v. *Walker,* 140 Mass. 416.

*Exceptions overruled.*