JOSIAH D. RICHARDS *vs.* BERNARD GAUFFRET & another.

Bristol.  Nov. 19, 1887. — Jan. 4, 1888.  W. ALLEN, J., absent.

The owner of a mill-pond executed an instrument under seal, whereby he leased, demised, and let "the sole and exclusive right to cut and carry away " from said pond "all such ice as can be so cut in form and shape to use either for private use or as merchandise," the lessor reserving to himself the right to cut all ice needed for his own use. *Held*, that the interest of the lessee was not a mere revocable license, and that he could maintain an action against one who, without right, entered upon the pond, and cut ice therefrom.

TORT, in three counts. The first count was for breaking and entering the plaintiff's close in Attleborough, known as the Falls Pond, and cutting and carrying away five thousand tons of ice, the property of the plaintiff. The second count was as follows: " And the plaintiff says that on the first day of January, 1887, he had and held, and now has and holds, and has so had and held since said first day of January, 1887, till the present time, the sole and exclusive right to cut and carry from the Falls Pond — the close described in the first count — all the ice formed or forming on said pond; and the defendants, in violation of the plaintiff's said rights, entered upon said pond and cut and carried away therefrom five thousand tons of ice, the property of the plaintiff." The third count was for the conversion of five thousand tons of ice, the property of the plaintiff. Answer, a general denial.

Trial in the Superior Court, without a jury, before *Mason*, J., who allowed a bill of exceptions, which, after stating that the pleadings formed part thereof, was in substance as follows:

The defendants took ice from the pond as alleged, but did not actually interfere with the plaintiff's taking ice from said pond, and the plaintiff made no attempt to take ice from said pond, except a small quantity to fill the private ice-house of his lessor.

The pond from which the ice was cut was a large mill-pond, covering about one hundred and fifty acres, owned by Handel N. Daggett, who had obtained his title to the soil or land under the water in said pond by various mesne conveyances, giving him the fee of the same.

On January 1, 1887, Daggett, by an instrument under seal, leased, demised, and let to the plaintiff, for the term of one year from that date, " the sole and exclusive right to cut and carry away from the Falls Pond, so called, . . . . all such ice as can be so cut in form and shape to use either for private use or as merchandise." The lease also contained this provision: " The lessor may cut all ice needed for his own use from and off said pond."

The plaintiff asked the judge to rule, that, under this lease, if the defendants entered upon the pond, and cut and carried away ice therefrom, the plaintiff was entitled to recover in this action. The judge refused so to rule.

The defendants asked the judge to rule, that the lease had no other effect than as a license to the plaintiff to cut and carry away the ice from said pond; that it conveyed no interest in the premises to him; that he acquired no title to any ice in the pond under it until the same was cut and taken possession of by him; and that he could not maintain this action upon any of the counts in the declaration.

The judge so ruled, and found for the defendants. The plaintiff alleged exceptions.

*E. Avery & J. E. Pond*, for the plaintiff.

*H. J. Fuller*, for the defendants.

MORTON, C. J.   Daggett as owner of the pond had the right to dispose of the water and of the ice which might be formed upon it, and there can be no doubt that it was the purpose of the indenture to transfer to the plaintiff the sole and exclusive right to cut and use, or sell, all such ice, except what the lessor needed for his private use.   *Paine* v. *Woods*, 108 Mass. 160, 173. By the lease, therefore, the plaintiff acquired a valuable right, and it would be a reproach to the law if it did not furnish him a remedy for an unlawful encroachment upon this right by a stranger.

It is not necessary to discuss the somewhat nice questions whether the plaintiff had such an interest in the land that he could bring trespass *quare clausum*, or whether he had such property in the ice that he could maintain an action of trover against the defendants.   He had an interest greater than a mere revocable license, and could bring an action against Daggett if he interfered with his rights under the lease; he had, as we have said, a valuable right, and, if a stranger unlawfully encroached upon this right, we can see no reason why he might not maintain a proper action therefor.

The second count of the plaintiff's declaration substantially sets out his rights, and the violation of them by the defendants; and we are of opinion that, under it, the plaintiff may recover such damages as he shows he has sustained by reason of such unlawful violation of his rights.          *Exceptions sustained.*