OF THE

# STATE OF MISSOURI

AT THE

## APRIL TERM, 1895

(*Continued from Volume 129.*)

---

SPRINGFIELD FOUNDRY AND MACHINE COMPANY, *Appellant*, v. COLE *et al.*

Division Two, July 2, 1895

1. **Mining**: LICENSE: STATUTE. Persons mining for zinc or lead ore on the land of another, subject to a printed statement ·of the terms and conditions imposed by the owner, as provided for in Revised Statutes, 1889, section 7034, have no estate or interest in the land nor in any of the ore therein before it is mined.

2. ———: ———: ———. Such privilege constitutes simply a miner's license, and is not sufficient to support ejectment.

3. ———: MACHINERY: MECHANIC'S LIEN. Machinery placed by such licensee in a building on said land, for use in the mining operations, does not become a part of the land and as such subject to a mechanic's lien.

VOL. 130 mo—1 (1)

*Appeal from Lawrence Circuit Court.*—HON. W. M. ROBINSON, Judge.

AFFIRMED.

*Jas. R. Vaughan* and *Norman Gibbs* for appellant.

(1) If a person owns the building, it is wholly immaterial whether he has any other interest in the premises or not in order to have a mechanic's lien sustained against it. *Kline v. Perry*, 51 Mo. App. 422; *Seaman v. Paddock*, 51 Mo. App. 468. (2) A tenancy from month to month may be subject to a mechanic's lien. *Deatherage v. Sheidley*, 50 Mo. App. 495; *Ombony v. Jones*, 19 N. Y. 234. (3) A mere right of possession is sufficient to sustain the lien. 2 Jones on Liens, secs. 1274, 1275. (4) The Colorado supreme court have held that an occupancy of public land possessed the legal character of realty, and would support a lien. *Rossville Alt. M. Co. v. Co.*, 15 Col. 29. (5) The machinery constituted fixtures and was subject to the lien. See *Richards v. Crowe*, 40 Mo. 91; *Green v. Alloway*, 3 Tenn. Chan. 584; *Hally v. Alloway*, 10 Lea. 523; Ewell on Fixtures, p. 33; *Donnewald v. Co.*, 44 Mo. App. 350; *Dimmick v. Cook*, 115 Pa. St. 573; *Cook v. McNeal*, 49 Mo. App. 84; *Meistrell v. Reach*, 56 Mo. App. 243; *Meritt v. Judd*, 14 Cal. 60; *Roseville v. Co.*, 15 Col. 29. (6) Grist mills smutters and bolting cloths in a mill, although removable without injury, are regarded as fixtures. *Stillman v. Flennikan*, 33 Mo. App. 120; *Crow v. Holdship*, 17 S. & R. 413; *Heideker v. Milling Co.*, 16 Mo. App. 330. (7) Mere physical annexation, if it ever was a test as to fixture, is no longer so regarded. *Cook v. McNeal*, 49 Mo. App. 84; *Vail v. Weaver*, 132 Pa. St. 363; *Sosman v. Conlon*, 57 Mo. App. 25. (8) A familiar illustration

of this is given thus: The carpet which is nailed to the floor does not become a fixture, while the key which you carry in your pocket is such. In this state it has been held that the materials for a brick sidewalk laid in the street adjacent to the building, and constructed under an entire contract for the construction of both the building and sidewalk, was lienable. Also that there was a lien for the illuminating tile placed over the areas, although such tiling extended into the street. *Company v. Crow,* 114 Mo. 499; *McDermot v. Claas,* 104 Mo. 14; *Pullis v. Hoffmann,* 28 Mo. App. 666.

*French & Whitney* for respondents.

(1) Our statutes can not be construed as giving a lien upon engines, boilers, machinery, etc., unless they are a part of the building and adhering to the land. *Collins v. Mott,* 45 Mo. 100; *Richardson v. Koch,* 81 Mo. 264. (2) The machinery did not constitute fixtures. To make them fixtures, they must be attached to, and form part of, the realty. *Rogers v. Crow,* 40 Mo. 91; *Collins v. Mott,* 45 Mo. 101; *Housler v. Glass Co.,* 52 Mo. 452; *Graves v. Pearce,* 53 Mo. 423. (3) This machinery was put in with a view to its removal. This was the intention of the parties. It is the intention that governs in determining what constitutes fixtures. *Vail v. Weaver,* 132 Pa. St. 363; *Damewold v. Real Estate Co.,* 44 Mo. App. 352; Ewell on Fixtures, 22; *Menawald v. Shepard,* 25 Kan. 112. (4) While a lien is given for the work, material, engines, etc., it is not given on the work, material, boiler, etc. But "upon such building, or erection, or improvement." The building is the subject of the lien, and on it only as an incident of the freehold. *Ransom v. Sheehan,* 78 Mo. 668.

GANTT, P. J.—This was an action commenced by the plaintiff to enforce a mechanic's lien for $3,983.62 against Eugene M. Cole, as contractor, and the Davie Mining and Development Company as the owner of the land and a certain building and the machinery therein. The case is in this court on a certificate of judgment only and the abstract does not contain the mechanic's lien or any portion of the record proper. It falls far short of the requirement of the statute, but as no point is made upon the averments in the petition or the correctness of the items or the good faith of the account sued on we will possibly find enough to discover the theory of the trial court by connecting the statement with the certificate of judgment.

In November, 1892, Eugene M. Cole entered into a contract with the Davie Mining and Development Company of Aurora, a company which was then operating a mine on lands belonging to the Kentucky Mining Company, by which said Cole agreed to furnish said Davie Mining Company a steam clearing plant for the crushing, handling and cleaning of lead and zinc ore, the same to be erected on the property of said Davie Mining Company in Aurora, Missouri, for which said mining company agreed to pay him $6,000, said payment to be made from the net profits of the property; and the amount of the earnings of said company, after all liabilities were paid, were to be deposited in the Bank of Aurora, subject to Cole's order, and, until paid for, the said machinery plant was to remain Cole's property.

For the purpose of erecting said mining plant, Cole bought of the plaintiff certain machinery and borrowed of the Aurora State Bank $1,350 and completed the plant. He gave the bank a chattel mortgage for the $1,350 on the machinery. It seems that the Aurora

Hardware Company attached a portion of the machinery covered by the chattel mortgage and thereupon the bank replevied the machinery and advertised it for sale, but prior to the sale this suit to enforce a mechanic's lien was commenced and a temporary injunction granted restraining the sale.

The petition proceeded on the theory that the machinery had become a part of the freehold. The answer of Cole and the Davie Mining Company is a general denial. The bank set up its mortgage, alleged that it loaned the money with the understanding the machinery was all paid for and that the money was loaned to Cole and used by him in erecting the machinery; averred the plant was on leased property and the lessee had the right to remove it at any time when no rent was due. It further averred that the property was personal property and no mechanic's lien could attach thereto and said machinery had never become a part of said building. The reply was a general denial of the answer.

The Kentucky Mining Company owned the land upon which the house and machinery were standing. Neither Cole, who purchased the machinery of plaintiff, nor the Davie Mining and Development Company had any estate in said land, nor even a leasehold. The Davie Mining Company and Cole were there simply by the consent of the owner mining for zinc and lead subject to the printed statement of the terms, conditions and requirements imposed by the owner. R. S. 1889, sec. 7034.

Among other rules provided and published by the owner was one requiring every person desiring to mine said land to register his name in the office of the superintendent of the owner. Another rule forbade subleasing, or renting any mining lot, and notifying all parties that no transfer of lease, lots, or mining

claims or rights would be recognized by the company, unless the parties acquiring such lots, leases, claims, or rights had received permission from the owner to mine such lot or claim. The deed from S. C. Johnson, R. L. McElhany and others conveyed no title or interest in the land, as they had none. The Davie Mining and Development Company simply had a miner's license. *Chynowitch v. Granby Mining, etc., Co.*, 74 Mo. 173; *Boone v. Stover*, 66 Mo. 430.

This right was long ago defined by Chief Justice ABBOTT, in *Doe dem. Hanley v. Wood*, 2 B. & Ald. 736, in these words: "Instead therefore of parting with, or granting, or demising all the several ores, metals, or minerals, that were then existing within the land, its words [the deed granting the mining license] import a grant of such parts thereof only as should, upon the license and power given to search and get, be found within the described limits, which is nothing more than the grant of a license to search and get (irrevocable, indeed, on account of its carrying an interest), with a grant of such of the ore only as should be found and got, the grantor parting with no estate or interest in the rest. If so, the grantee had no estate or property in the land itself, or any particular portion thereof, or in any part of the ore, metals or minerals, ungot therein; but he had a right of property only, as to such part thereof as upon the liberties granted to him should be dug and got. That is no more than a mere right to a personal chattel, when obtained in pursuance of incorporeal privileges granted for the purpose of obtaining it, being very different from a grant or demise of the mines, or metals, or minerals, in the land; and is such a right only as, under the circumstances stated in this case, is not sufficient to support the present action of ejectment."

This court approved and followed that case in

*Boone v. Stover, supra,* Judge NAPTON saying: "By a lease, the lessee obtains an estate in possession of the land and its products, in respect to which he can maintain ejectment; but, in a license or grant of an incorporeal hereditament the grantor does not divest himself of the possession, and the liberty of working a mine or mines on it is not inconsistent with the retention of possession by the grantor."

In this case the miner simply had a privilege or license to mine (not by deed or grant) so long as he complied with the printed rules. The nature and character of this right is essential to a correct understanding of the respective rights of these parties when we come to consider the right to enforce a mechanic's lien upon the mining machinery used by Cole or the Davie Mining Company.

That the owner of the land acquired no title or right to the mining machinery merely because it is placed upon and used in mining his realty, is too plain for discussion and no such claim is asserted here. It is not a fixture within the definition of that word as now understood. The relation of the owner of the mining machinery to the owner of the real estate fixes its status. It comes clearly within the principle of a trade or manufacturing fixture, and the owner of the land acquires no title thereto. *Richardson v. Koch,* 81 Mo. 264. It was plainly not affixed to the land for the better enjoyment of the land itself but it was put there for the exclusive purpose of carrying on the mining operations. *Conrad v. Saginaw Mining Co.,* 54 Mich. 249; *Ibid. v. Ibid.,* 52 Am. Rep. 817; *Cooper v. Johnson,* 143 Mass. 108.

The machinery, then, being a mere manufacturing fixture removable at the pleasure of the Davie Mining Company or Cole, did it, by being placed in the building erected there, become a part of the land so

that a mechanic's lien could attach to it? A satis-factory answer solves this case.

The St. Louis court of appeals in *Buchannan v. Cole*, 57 Mo. App. 11, held that it would treat the Davie Mining Company's right as a leasehold and the machinery as so put in the building as to become an integral part of it and a part of the realty, and sustained the lien. With all due respect to that court we are constrained to hold otherwise. We regard the decision in *Richardson v. Koch*, 81 Mo. 264, as holding a contrary view and one more in harmony with the spirit of our statute. As said in that case, "to give a lien on the engine, boiler, etc., in this case, they must have been used in the erection of the building or improvement, or afterward connected therewith, so as to become a part of the building   *   *   *   as a constituent part thereof. The building itself, in this case, was quite complete as a building without the engine, etc. The machinery, in no manner, entered into its construction. It was placed in the building after its completion. The building was more essential to the machinery than the machinery was to the building. The latter served to house the former.   *   *   *   The machinery could be taken away without the building, leaving it a complete structure or erection.   *   *   * It was in fact the machinery, the really valuable part or property, the alleged lienors were after." All of which applies to the facts of this case.

It would be a perversion to speak of the machinery, upon which the lien is sought in this case, as a part of the building. It would be to make the greater an appendage of the smaller. The house was a mere rude rough covering for the machinery, and the machinery in no sense entered into the erection of or became a part of the house. The mere fact that the line shaft was hung to the building is not important. It is the

permanent and habitual annexation and not the manner of fastening that determines when personal property becomes a part of the realty and much depends upon the relation of the parties affixing the fixture. When the absolute owner of land for the better use of his land erects upon or attaches to the freehold certain machinery in making coal and in mines it will go to his heirs or will pass by deed to his grantee and the same general rule applies between mortgagor and mortgagee, but as between landlord and tenant and the creditors of the tenant this rule is relaxed with a view to the encouragement of mechanical and agricultural pursuits. *Thomas v. Davis*, 76 Mo. 72; *Brown v. Baldwin*, 121 Mo. 126.

In *Graves v. Pierce*, 53 Mo. 423, it was held that a carding machine fixed in the building was not subject to the lien, Judge VORIES saying: "The statute provides, that the machinery, for which a lien may be created, must be furnished for a building or improvement made upon the land. This clearly indicates, that the machinery must be such as is used in the erection of a building, and which will, when placed in the building, erection or improvement on the land, become a fixture and become a part of the realty, or, at least, such as is necessary in the erection of the improvement to be made. The carding machines   *   *   *   are not such machinery as is used in the erection of buildings or improvements on land,   *   *   *   and the mere fact, that they were placed in a house belonging to defendant, can not give the plaintiff any right to a lien on the house."

Inasmuch, then, as the defendants Cole and The Davie Mining Company had no interest or estate whatever in the land but a mere mining license and the building was not placed on the land as a betterment but solely for mining lead and zinc, this building so

State ex rel. v. Murphy.

placed thereon by them by the consent of the owner, became no part of the realty, and no improvement thereon, and inasmuch as the machinery placed in said building was not placed therein in the erection of said building or as an improvement thereto, but was placed there solely for mining the lead and zinc in said land, it formed no part of said building *but remained personalty* and plaintiff was not entitled to a mechanic's lien thereon, and the judgment of the circuit court denying said lien is affirmed. SHERWOOD and BURGESS, JJ., concur.