Arnold v. Bennett.

## W. D. ARNOLD et al., Respondents, v. JOSIAH BEN-NETT et al., Appellants.

### Kansas City Court of Appeals, February 10, 1902.

1. **Mines and Mining:** LICENSE: STATUTE. Under section 8766, Revised Statutes 1899, a right to take out mineral with the limitation that no property right should be acquired in the land except the value of the privilege of digging and mining the same, which right is also limited to a definite term unless sooner forfeited, constitutes a mere license.

2. ———: ———: ESTATE: POSSESSION. A license to take mineral confers no estate in the soil or mine, but is *profit a prendre*, and unlike an easement may be held apart from possession and confers no right to the mineral until mined.

3. **Trespass:** LANDLORD AND TENANT: ACTION: POSSESSION. For an injury to the freehold by a stranger, the landlord may sue though his tenant is in possession.

4. **Mines and Mining:** TRESPASS: LICENSEE: ACTION. A licensee can not maintain an action for trespass on the mineral in place.

5. ———: ———: ———: DAMAGES. In an action against a trespasser for digging ore in place the licensee can not recover the value of such ores though he might recover damages if the trespass diminished the supply so that enough did not remain to satisfy his right.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED.

*McReynolds & Halliburton* for appellants.

(1) Possession of real estate is a prerequisite to an action for trespass thereon, and one who is not in possession can not maintain the action, the gist of the action being injury

to the possession. Masterson v. Railroad, 5 Mo. App. 64; Lindenbower v. Bentley, 86 Mo. 515; Zeitinger v. Hackworth, 117 Mo. 505. (2) The plaintiffs in this case were mere licensees without possession or right of possession, and had no interest in either the land or the ore. The only rights they had were to dig and get such ore as they might find and receive from the company seventy-five per cent of what it was sold for. Lunsford v. Lead Co., 54 Mo. 426; Boone v. Stover, 66 Mo. 430; Foundry M. Co. v. Cole, 130 Mo. 1; Rochester v. Gate City Mining Co., 86 Mo. App. 447, and cases cited; McHose v. Insurance, 4 Mo. App. 521. (3) The injury (if any) in this case was an injury to the inheritance; a cutting and carrying away of part of the land itself. And the right of action if any was in the Duenweg Mining Co. Parker v. Shackelford, 61 Mo. 68; Austin v. Coal Co., 72 Mo. 535; Bailey v. Siegel Gas Fixture Co., 54 Mo. App. 50. Especially is this true where as here plaintiffs have no interest on or in the land.

*Thomas & Hackney* for respondents.

(1) Plaintiff's possession, as shown by the testimony on the trial, was sufficient to support the action of trespass for the entry by defendants on plaintiffs' possession and the cutting and carrying away of lead ore. Reed v. Price, 30 Mo. 442; Watts v. Loomis, 81 Mo. 239; Bingo Min. Co. v. Felton, 78 Mo. App. 210; Avitt and Robinson v. Farrell, 68 Mo. App. 665. (2) Proof of the actual possession by the plaintiffs, even though it be by wrong, is sufficient to support the action against a mere stranger or wrongdoer, who has not title to the possession himself, or authority from the owner. 2 Greenleaf on Ev. (3 Ed.), p. 537, par. 618. (3) A tenant at will may have trespass *quare clausum fregit* against a stranger for an injury to the possession. 1 Washburn (3 Ed.), p. 505; 2 Greenleaf on Ev. (3 Ed.), p. 538, par. 616; Hayward v.

Bedgley, 14 Maine 439; Clark v. Smith, 25 Pa. St. 137; 2 Waterman Trespass, sec. 922.

SMITH, P. J.—This is an action of trespass.    The Duenweg Mining Company was the owner of one hundred and sixty acres of land which it laid out into mining lots, and kept posted up in a conspicuous place in its principal office a printed statement of the terms, conditions and requirements upon which such land might be mined or prospected, and the time during which the right to mine or prospect thereunder should continue, as required by section 7034, Revised Statutes 1889 (section 8766, Revised Statutes 1899). The mining company also kept a registration book for persons to sign for the lots upon which they desired to mine, and it (the company) agreed they might.    The plaintiffs, and those under whom they claim, had registered on lot No. 57 and were mining thereon under the terms, conditions and requirements of the said mining company.      They had placed thereon certain machinery which was used by them in the prosecution of their mining operations.

The defendants, while mining on an adjoining lot, cut over the line between the lot of plaintiffs and that on which they were mining and dug up and carried away lead ore, to recover the value of which this action was brought.

At the trial the defendants read in evidence the rules prescribing the terms, conditions and requirements under which the right to mine on said land could be acquired, among which rules was one to the effect that "no property right shall be acquired by any one on or in said land except the value of the privilege of digging and mining the same," etc.    And another was that the time of each lease was ten years from January 12, 1895, unless sooner forfeited.    There was judgment in the circuit court for plaintiffs, and defendants have appealed.

Under the statute (section 7034, ante) and the evidence

in the case as disclosed by the record, we think it is clear that the relation existing between the plaintiffs and the said mining company was that of licensor and licensee. Chynowitch v. Granby Mining Co., 74 Mo. 173; Boone v. Stover, 66 Mo. 430; Lunsford v. Lead Co., 54 Mo. 426.

As it distinctly appears from the record that the occupancy of said lot by plaintiffs was under said mining license, which was to end at a time certain unless sooner forfeited, the question that arises is, whether or not they have any such right or title to the ores in place in said mine as will support this action against the defendants for the digging and removal thereof. A license to dig minerals confers no estate or interest in the soil or mine containing them. Nor does it confer any estate or interest in the ungotten minerals. MacSwinney on M. Q. and Min., 249. It is a technical authority to do something on the land of another without passing an estate in the land. It confers a mere incorporeal right to be exercised in the lands of others. It is a *profit a prendre* and unlike an easement may be held apart from the possession of the land. Lindley on Mines, sec. 860; Bainbridge on Mines (4 Ed.), 510; Fuhr v. Dean, 26 Mo. 116.

And so it has been ruled that persons mining for zinc or lead ore in the land of another, subject to the printed statements of the terms, conditions and requirements imposed by the owner as provided for in section 7034, Revised Statutes 1889 (section 8766, Revised Statutes 1899), have no interest or estate in the land or *in any of the ores thereon until it is mined*, for the reason such persons are only licensees. Springfield Foundry v. Cole, 130 Mo. 1; Rochester v. Gate City Min. Co., 86 Mo. App. 447; Henley v. Moon, Q. B. & Ald. 736. In Boone v. Stover, supra, it was said that in a license of incorporeal hereditament the licensor does not divest himself of the possession, and the liberty of working a mine on it is not inconsistent with the retention of the possession by the licensor. And nothing is seen in Bingo Mining Co. v.

Felton, 78 Mo. App. 210, which is not in harmony with 86 Mo. App. 447.

It has been several times held in this State that for an injury to the freehold done by a stranger, the landlord may sue though his tenant is in possession. Bailey v. Seigel, 54 Mo. App. 50; Cramer v. Groseclose, 53 Mo. App. 648; Parker v. Shackelford, 61 Mo. 68; Austin v. Coal Co., 72 Mo. 535. We think it undoubtedly follows, from what has been said, that the digging and removal of the ore in place, of which complaint was made, was an injury to the land and for which the right of action was in the mining company and not in the plaintiffs.

It is suggested by plaintiffs as a reason why this ruling ought not to be made, that it will, in many cases, entail great hardship upon licensees operating mines under their mining licenses. This suggestion, we think, is without force, for the reason that it might be that in any given case the mine, without that dug and removed by the trespasser, would contain more ore than the licensee could dig and remove before the end of his term, or before forfeiture; or, it might be that owing to the depth of the ore removed and the difficulties in mining it, the licensee would not have been able to mine it before the end of his term, or before forfeiture; or it might be for some other reason, he would have quit working the mine before reaching the depth at which the ore removed by the trespasser was found, and to allow him to recover the value of it against the trespasser would be to allow him to recover for that which was not then his property and probably never would be.

It seems to us, in a case like this where the licensee is authorized to mine ores on the land of another for a term of years and in which ores he is to have no title or interest until actually dug or severed, that in an action against a trespassing stranger who has entered upon the land and dug and severed ores therefrom he would have no right to recover the value

of such ores, though he might recover damages, if he could prove that such trespasser so diminished the supply of ore that enough did not remain to satisfy his right. Baker v. Hart, 123 N. Y. 470.

The judgment will accordingly be reversed and the case remanded. All concur.