## JOSIAH WHITESIDE, Respondent, v. OASIS CLUB, Appellant.

### St. Louis Court of Appeals, January 9, 1912.

1. **LANDLORD AND TENANT: Unlawful Detainer: Statutory Construction: Ejusdem Generis.** The words, "other possessions," in section 7657, Revised Statutes 1909, authorizing an action of unlawful detainer where one willfully and without force holds over any lands, tenements or other possessions after the time for which they were demised or let to him or the person under whom he claims, are to be interpreted, under the rule of *ejusdem generis*, as relating to a subject-matter of like character to those described in the prior words of the statute.

2. ————: ————: **When Maintainable.** An action of unlawful detainer will not lie, under section 7657, Revised Statutes 1909, unless the relation of landlord and tenant exists between the parties.

3. ————: **Leases: What Constitutes.** That an instrument is denominated a lease and uses technical words of demise is not sufficient to constitute it a lease, if it in fact appears to be something else.

4. ————: **When Relation Arises.** The relation of landlord and tenant is created by contract, express or implied, for the possession of lands or tenements, in consideration of certain rent to be paid therefor, and does not obtain unless possession of the premises is conferred upon the tenant.

5. ————: **Unlawful Detainer: Leases: Possession.** An instrument granting, for a definite time, in consideration of a stipulated payment, a privilege to certain persons to hunt and fish on certain premises, and stipulating that the owner and his family should enjoy the same privileges, reserving possession of the premises to the owner for the purpose of agriculture, was not a lease and did not create the relation of landlord and tenant between the parties, although it employed technical words of demise, since it did not confer possession of the premises on the grantees; and hence the owner could not maintain an action of unlawful detainer, under section 7657, Revised Statutes 1909, on the failure of the licensees to cease exercising the privileges granted, after the license had expired.

Appeal from Lincoln Circuit Court.—*Hon. James D. Barnett*, Judge.

Reversed.

*George B. Webster, Frank Howell, Charles W. Holtcamp* and *R. L. Sutton* for appellant.

(1) In unlawful detainer, plaintiff is bound to show prior possession or right of possession. School Dist. v. Holmes, 53 Mo. App. 487; A. & M. Assn. v. Reinecke, 21 Mo. App. 478; Wood v. Dalton, 26 Mo. 581; Sexton v. Hull, 45 Mo. App. 339; Long v. Noe, 49 Mo. App. 19; Reed v. Bell, 26 Mo. 216; Ferguson v. Lewis, 27 Mo. 249; Redman v. Perkins, 122 Mo. App. 164; Metz v. Schneider, 120 Mo. App. 453. (2) The plaintiff is not within the statute of unlawful detainer. The instrument of July 22, 1907, demised and let no lands, tenements or other estate in lands within the meaning of the statute. It was not a lease but a mere license. Boone v. Stover, 66 Mo. 430; Lowell v. Strahan, 145 Mass. 1; Druse v. Wheeler, 22 Mich. 439; Railroad v. Cable Co., 6 N. Y. S. 108; Dolittle v. Eddy, 7 Barb. 74; Stone v. Sprague, 20 Barb. 509; R. S. 1909, sec. 7659; Railroad v. Railroad, 135 Mo. 173; 25 Cyc. 640; Oil Co. v. Railroad, 94 Miss. 58. Under such an instrument the plaintiff cannot maintain unlawful detainer. Nelson v. Nelson, 30 App. 184; Lowe v. Am. S. Co., 89 Mo. App. 680; Rochester v. Gate City M. Co., 86 Mo. App. 447; Lytele v. James, 98 Mo. App. 337; Continental Z. Co. v. Amsden & Co., 125 Mo. App. 512; M. & M. Co. v. Moore, 130 Mo. App. 627; Meeks v. Clear Jack M. Co., 141 Mo. App. 648.

*R. H. Norton* and *Avery, Young & Woolfolk* for respondent.

(1) The nature of the acts of ownership must depend upon the uses of which the land is capable. Leeper v. Baker, 68 Mo. 400; Draper v. Shaw, 25 Mo. 197; Key v. Jennings, 66 Mo. 356. As to whether or not the respondent had prior possession, or the right thereto, were questions of fact to be passed upon by the court

sitting as a jury, and the court, having heard the evidence and passed upon this branch of the case, its ruling will not be disturbed here. Wilkerson v. Eilers, 114 Mo. 245; Wilson v. Taylor, 119 Mo. 626; School District v. Holmes, 53 Mo. App. 487. (2) The instrument under which the defendant entered, was a lease and unlawful detainer lies. (a) The contract is a lease. Jones on Landlord & Tenant, sec. 40, Morrill v. Mackman, 24 Mich. 279; Kirk v. Mattier, 140 Mo. 23; Meeks v. Mining Co., 141 Mo. App. 648. (b) The cases cited by appellant are not in conflict with this view or are met by authorities supported by better reasons. Compare 25 Cyc. 640, with Jones, sec. 40.

NORTONI, J.—This is a suit in unlawful detainer. Plaintiff recovered and defendant prosecutes the appeal.

Defendant is an incorporated hunting and fishing club, and the possession involved here pertains to a small parcel of land in Lincoln county situate—in part in King's Lake, in part in Fish Slough—and a three-cornered piece adjacent to each. On July 22, 1907, by an instrument in writing, plaintiff granted to defendant for its members the privilege of hunting and fishing on these lands until the first day of May, 1908, in consideration of $100, cash payment. At the expiration of the privilege, defendant asserted a claim of ownership to the land and water involved and refused to cease the further exercise of its privilege thereon. Because of this, this suit in unlawful detainer was instituted, and the important question for consideration relates to the character of the right which defendant acquired touching such lands and waters under the written instrument above mentioned.

The complaint declares upon, and the suit proceeds against defendant under, the first clause of the

statute touching unlawful detainer, as though defendant is the tenant of plaintiff holding over after the expiration of its lease. By the express terms of the statute, the action of unlawful detainer is authorized, in the circumstances here declared upon, only when one shall willfully and without force hold over any lands, tenements or other possessions after the time for which they were demised or let to him or the person under whom he claims. [Sec. 7657, R. S. 1909.] Of course, under the rule *ejusdem generis,* the words "other possessions" in this clause of the statute are to be interpreted as relating to a subject-matter of like character with those denominated in the prior words of the statute. [See Nelson v. Nelson, 30 Mo. App. 184.] Because of the express wording of the statute and the view suggested as to the words, "other possessions", the courts have universally declared that the action of unlawful detainer will lie under this particular provision only when it appears the relation of landlord and tenant exists between the parties, for unless there be a demise or the creation of a tenancy through the implication of the law and a holding over after its expiration, the subject is not within the language of the first clause. [See Andrae v. Heinritz, 19 Mo. 311.] Mr. Jones, in his work on Landlord and Tenant, sec. 563, says: "The action of unlawful detainer can be maintained only where the relation of landlord and tenant subsists between the parties to the action, and hence it becomes material to determine whether the parties stand in that relation to each other. While it is not necessary to show an express demise or letting of lands to sustain the action, the facts must show, impliedly at least, that the defendant occupies as tenant of the plaintiff, and this must be something more than a mere *quasi* tenancy." [See also 2 Taylor, Landlord and Tenant (9 Ed.), sec. 717, and extensive notes.]

Unless, therefore, it appears that the relation of landlord and tenant exists between plaintiff and defendant, the present suit must fail. To establish and maintain this relation, plaintiff relies entirely upon the instrument of writing entered into between him and defendant July 22, 1907, whereby he granted hunting and fishing privileges to defendant for the use of the club members until May 1, 1908, for the consideration of one hundred dollars. It is true this document stipulates the expiration of the privilege therein granted at a definite time and in this respect resembles a lease for a determinate term. And it is true, too, that it stipulates for the cash payment of one hundred dollars to plaintiff as if such is the rent reserved for a lease of the premises. Furthermore, the document recites that it is a lease and, besides, choice technical words of demise are employed therein. Indeed, it purports on its face to be a lease and recites that plaintiff had leased and demised the premises to defendant. But the mere fact that it is denominated a lease and employs technical words of demise is not sufficient in law to constitute the instrument an indenture of lease if it, in fact, appears to be something other than that. [See St. J. & St. L. R. Co. v. St. L. I. M. & S. R. Co., 135 Mo. 173, 194, 36 S. W. 602.[ The relation of landlord and tenant subsists by virtue of a contract, express or implied, between two or more persons for the possession of lands or tenements, in consideration of a certain rent to be paid therefor. Unless possession of the premises is conferred upon the lessee, the element essential to create an estate in him is not present and the relation of landlord and tenant does not obtain. [See 1 Taylor, Landlord and Tenant (9 Ed.), sec. 14.] Neither is an instrument of writing between parties, which grants a privilege to one and reserves possession of the premises to the other, a lease, for the reason the relation of landlord and tenant is not created thereby, as possession, which is the es-

tate involved in such relation, is not divested out of the owner and conferred upon another. [Boone v. Stover, 66 Mo. 430; Lunsford v. LaMotte Lead Co., 54 Mo. 426; see, also, Jones, Landlord and Tenant, sec. 41.] As illustrative, it may be said that the authorities declare where possession is transferred to one working a mine, the transaction is a lease and the relation of landlord and tenant obtains with respect to the property. [See Kirk v. Mattier, 140 Mo. 23, 41 S. W. 252.] On the other hand, though formal and in writing, a mere grant to miners to enter upon the premises, work the mine and remove minerals therefrom, with a reservation of possession in the landlord, is declared not to be a lease creating the relation of landlord and tenant but, instead, a mere license touching the premises and this because possession is not conferred. [See Boone v. Stover, 66 Mo. 430; Lunsford v. LaMotte Lead Co., 54 Mo. 426.] When such privilege to go upon land for a particular purpose is given and the possession of the premises is not conferred as an estate along with the privilege, the transaction amounts to no more than the granting of a mere license, which is in no sense sufficient to create the relation of landlord and tenant. [Besides the authorities above cited, see Lowell v. Strahan, 145 Mass. 1, 12; 25 Cyc. 640, 641.]

From the terms of the instrument relied upon by plaintiff here, it appears that defendant was granted the privilege of hunting and fishing, on the lands and in the waters described, for the use of its members, but even this privilege was not exclusive, for it expressly stipulates that plaintiff himself and the members of his family should enjoy the same right at all times as well. It appears, furthermore, that plaintiff reserved possession of the lands for the purpose of agriculture and defendant agreed that its members should not interfere with his growing crops thereon. From a study of the instrument, it is obvious that the rela-

tion of landlord and tenant is not created thereby as no possession whatever was conferred upon defendant. At most, it reveals a mere license to hunt and fish on the premises of which plaintiff retained possession. Because the relation of landlord and tenant does not exist between the parties, this action of unlawful detainer may not be sustained, and the judgment should be reversed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.