H. D. WILLIAMS COOPERAGE COMPANY, Appellant, v. QUERCUS LUMBER COMPANY, Respondent.

Springfield Court of Appeals, January 30, 1915.

1. TRESPASS: Cutting Timber: Decree. Action for trespass committed in cutting and carrying away certain growing tim-

ber. Petition, testimony and record examined and relevant portion of decree set out.

2. ———: Consent Decree: Examination of. In an action for trespass committed by cutting and carrying away certain timber, a consent decree is examined and considered to show that plaintiff had a present right in the growing timber in question and that he could maintain the action of trespass against defendant, who cut and carried away part thereof. [ROBERTSON, P. J., dissenting.]

Appeal from Butler County Circuit Court.—*Hon. J. P. Foard*, Judge.

REVERSED AND REMANDED.

*Douglas W. Robert* for appellant.

(1) Plaintiff has the right to maintain an action of trespass under the statute. Sec. 5448, R. S. Mo. 1899; Avitt v. Farrell, 68 Mo. App. 665; Leidy v. Carson, 115 Mo. App. 1; Turner v. Morris, 222 Mo. 21; Gronour v. Daniels, 7 Blackf. (Ind.) 108; Narehood v. Wilhelm, 69 Pa. St. 64; Kelley v. Seward, 51 Vt. 436; Haskins v. Record, 32 Vt. 575; Goodrich v. Hathaway, 1 Vt. 485; Burleigh v. Hales, 27 U. C. Q. B. 72; Dolloff v. Danforth, 43 N. H. 219; Austin v. Sawyer, 9 Con. 39; Carter v. Jarvis, 9 Johns 143; Brittain v. McKay, 23 N. C. 265; Stultz v. Dickey, 5 Binn. (Pa.) 285; Haydon v. Crawford, 3 U. C. Q. B. O. S. 583; Cox v. Glue, 5 C. B. 533, 57 E. C. L. 533; Salley v. Robinson, 96 Me. 474; Jordan v Staples, 57 Me. 532; Rubio Land Co. v. Railroad, 3 Cal. App. 226; Jackson v. Emmons, 19 App. Cas. (Dist. Col.) 250; Miller v. Greenwich, 62 N. J. L. 771; Hogwood v. Edwards, 61 N. C. 350; Roche v. Gas Light Co., 5 Wis. 55; Spooner v. Brewster, 11 E. C. L. 75; Dyson v. Collick, 5 B. & Old. 600, 7 E. C. L. 328; White v. Guivous, Minor (Ala.) 331; 2 Waterman on Trespass, sec. 922. (2) Plaintiff proved all of the

necessary elements required by the statute to maintain the action.

*Sheppard & Green* for respondent.

(1)  Trespass on lands cannot be maintained unless the plaintiff is in the possession, either actual or constructive, at the time the trespass is committed. Cochran v. Whitesides, 24 Mo. 417; Brown v. Hartzell, 87 Mo. p. 564, 568; Hampton v. Massey, 53 Mo. App. 501; Holliday-Klotz L. & Lbr. Co. v. Markham & Duckett, 96 Mo. App. 51; Moore v. Perry, 61 Mo. 174; Lumber Co. v. Zeitinger, 45 Mo. App. 122; Lindinbower v. Bentley, 80 Mo. 515, 519; Young, Admr. v. Downey, 145 Mo. 261; Austin v. Huntsville Coal & M. Co., 72 Mo. 535; Brown v. Carter, 52 Mo. 47; Deland v. Vanstone, 26 Mo. App. 297; Lead Company v. White, 106 Mo. App. 222; 38 Cyc., page 1004; 28 Am. & Eng. Ency. Law (2 Ed.), page 573; Fletcher v. Livingston, 26 N. E. 1001, 153 Mass. 388; Gates v. Comstock, 65 N. W. 544.  (2)  The evidence fails to show appellant ever acquired any title to the timber and hence was not in the constructive possession.  Potter v. Everett, 40 Mo. App. 161; Deland v. Vanstone, 26 Mo. App. 297; Andrews v. Costican, 30 Mo. App. 29; Railroad v. Truman, 61 Mo. 80; Cooly v. Railroad, 149 Mo. 487; R. S. 1909, sec. 2787; Morgan v. Pott, 124 Mo. App. 371, 377; Muehling v. Magee, 168 Mo. App. 675, 684.

FARRINGTON, J.—Plaintiff based its action on section 5448, Revised Statutes 1909, alleging that defendant committed trespasses in cutting and carrying away certain growing timber which belonged to plaintiff.

The petition is in two counts, the charge being substantially the same in each except as to the description

of the lands on which the timber was growing. The first count relates to trespasses on section 35, township 24, range 8 east, and the second relates to trespasses on the north half of the northeast quarter of section 21, township 20, range 8, all in Butler county, Missouri.

The testimony of plaintiff's witnesses which was admitted in evidence tended to show that defendant had cut and carried away certain trees from the above-described lands.

The record does not disclose that defendant had or made any claim to this timber or had any right whatever to use it as plaintiff's evidence tended to show that defendant did, but relied on the defense, so far as this appeal is concerned, that plaintiff had not shown any such right, title, interest or property in and to the trees which were cut as would entitle it to maintain this action in trespass.

Plaintiff, to establish its right to maintain the suit, showed title to the land in question from the United States down to Charles Heike and Arthur Donner in whom it appears the title still remains subject only to some interest of the Brooklyn Cooperage Company which this record does not disclose. Plaintiff also offered in evidence a consent decree which was the result of a suit brought in the United States District Court for the Eastern District of Missouri wherein Heike and Donner and the Brooklyn Cooperage Company were seeking to restrain this plaintiff from cutting the timber on the land here involved together with other lands. It was rendered on January 11, 1911, and recorded in Butler county two days later. That part of the decree relevant to our discussion is as follows: ' (Italics are ours.)

"The parties complainant and defendant appearing by their respective solicitors, and presenting to the court and filing herein their stipulation in writing agreeing and consenting that a final decree, in words

and figures like unto this decree, be entered in the above-entitled cause, the court upon reading and considering the pleadings herein and the said stipulation, doth, in accordance with said stipulation and consent, order, adjudge and decree:

"I. That neither of the defendants H. D. Williams and H. D. Williams Cooperage Company, *have any right, title or claim on any of the lands described in the bill of complaint herein, except as hereinafter specifically provided in this decree,* and that said defendants and each of them, their agents, servants and employees be, and they are hereby forever enjoined and restrained from cutting down, destroying, injuring or removing any of the white oak or other timber and trees, standing upon the following described land, situated in the county of Butler and State of Missouri, as follows:" (Description of land not copied herein.)

"II. That the defendant H. D. Williams Cooperage Company *is and shall be entitled,* at any time prior to the 13th day of April, 1915, to cut and take all of the white oak timber suitable for cooperage purposes from trees eighteen inches or more in diameter at the stump, on the following described lands situated in the county of Butler, and State of Missouri (among others):

"The northwest one-quarter of the northeast one-quarter, and the northeast one-quarter of the northwest one-quarter of section 35, township 24, range 8, east.

"The north one-half of the northeast one-quarter of section 21, township 24, range 8, east . . . upon condition that said H. D. Williams Cooperage Company shall pay to the complainants or their successors, in title owning said lands, the sum of one dollar and fifty cents per cord of one hundred twenty-eight cubic feet for all timber so taken, settlements to be made on or before the fifteenth day of each month for all timber taken during the preceeding calendar month, and upon the further condition that said H. D. Williams

Cooperage Company shall work the same timber cut by it into cooperage material only, and shall not ship or dispose of any of it in logs.

"III.   That for the purpose of removing said timber the H. D. Williams Cooperage Company, their servants and agents, shall have, without obstruction or hindrance of any kind on the part of complainants or their successors in· title, free ingress to and egress from, and free mill sites upon, the lands last above described, and as far as necessary and convenient for such purpose, the right of free passage over any of the lands of complainants in said county of Butler, provided said defendant in so doing shall not damage said land or the timber thereon.  .  .  .

"V.   That the right of said H. D. Williams Cooperage Company to take or remove white oak timber from the lands last described shall cease and determine on the 13th day of April, 1915, *and all white oak timber standing or being on said lands on said day shall revert to and become the property of complainants* and their successors in title owning the land.

"VI.   That complainants and each of them have released and relinquished to defendants and each of them, and defendants stand and are discharged from every and all claim for stumpage or damages on account of any timber cut or removed by defendants, or either of them, prior to April 13, 1910, on or from any lands in Butler county, State of Missouri, belonging to complainants or either of them."

Both plaintiff and defendant agree that plaintiff's right to maintain this action depends upon what construction is given these provisions of the consent decree.

The appellant contends· that it evidences that it is vested with such claim, right, title or property in the trees growing upon this land as to enable it to maintain this action.

Respondent, on the other hand, contends that such consent decree merely created or evidenced a bare license to cut and remove the timber on certain conditions and that such license did not create such an interest in or title to the growing trees as would entitle plaintiff to maintain this action.

The trial court sustained the defendant (respondent) and plaintiff appealed.

In determining the correctness of this ruling made by the circuit court it will be necessary for us to review, in connection with the facts of this case, a number of authorities which have been called to our attention.

In the case of Austin v. Mining Company, 72 Mo. 353, the suit was between the owner of the fee and one claiming a right under a lessee who had never made an entry of possession. It was not a case of a mere stranger who had committed a trespass against some one. That case only holds that as against the owner who was the lessor a third person could not claim that such lessor could not maintain trespass because of having given a lease when no entry of possession under the lease had been made. There was no entry of possession, whereas in our case we have evidence that plaintiff was in possession of the land.

It is held in the case of Boone v. Stover, 66 Mo. 430, that one who is given permission to dig ore on the owner's land and is required to turn it over to the owner at the current prices when raised to the surface is no more than a licensee and by such an agreement did not acquire a beneficial interest in the estate and therefore could not maintain ejectment; and, for the same reason could not maintain the action of trespass. That case, however, holds that where there is by a written contract a right given to one whereby he acquires a beneficial interest in the land or some interest connected therewith which is more than a personal privilege to dig or cut, etc., such contract creates more than a bare license and is a grant such as a lease.

The opinion in the case of Lunsford v. La Motte Lead Co., 54 Mo. 426, shows that the contract under which the miner was operating was no more than a license subject to revocation by the owner of the land. There is nothing in it to indicate that the right to the ore in or out of the ground would ever belong to the party who was merely given the personal privilege to dig. Again, that suit was against the owner of the land with no rights whatever. .

In the case of Potter v. Everett, 40 Mo. App. 152, it is held that in order to make a valid grant of growing trees there is required an instrument or muniment of title of the same dignity that is required in making a grant and conveyance of land because growing trees are a part of the realty, and that a privilege to cut them where it is shown that the privilege is not given by deed amounts to no more than a bare license and no present interest in the trees passes under such a contract. In our case, however, it is not shown by what instrument plaintiff did acquire the interest claimed in the trees; certainly not by the decree as that only evidenced and recognized some right therein. Plaintiff's right to the trees was not created by the consent decree; neither does its rights spring from the decree. The decree, on the other hand, undertakes to limit and circumscribe such interest, claim, title or property in these and other trees as plaintiff was claiming prior to the decree, and provided for a reversion of its property or title in those standing after a certain time. The decree must be looked to in order to determine whether plaintiff's claim or right to the trees was a present ownership in them as they stand on the ground or was merely a license to cut and become plaintiff's personal property when it had exercised the privilege of cutting. If the former, then we think it passed such interest in the present in them as to entitle the plaintiff to maintain the action of trespass against

a stranger with no color of claim who was intermeddling and interfering with that beneficial interest.

We believe that a proper construction of the decree shows that the right of plaintiff is more than a personal license to cut and that it recognizes a beneficial ownership in the growing timber. The first paragraph by the exception therein recognizes a ''right, title or claim'' to the timber standing on that part of the land in dispute in that case, which is the timber involved herein. The fifth paragraph provides that such title to the timber shall at a certain time *revert* and become the *property* of Heike, Donner and others. This would indicate that until April 13, 1915, the ownership of the property in the trees was not in the owner of the land but was in the plaintiff until such time had expired. The sixth paragraph recognizes that plaintiff had been in possession and had been exercising rights to all the timber covered by the decree which were indicative of ownership. It therefore follows, in our judgment, that plaintiff did have such an interest in the growing timber as is evidenced by a grant or a lease where entry has been made thereunder, and can therefore maintain this action.

The opinion in the case of Mine LaMotte Lead and Smelting Co. v. White, 106 Mo. App. 222, 80 S. W. 356, in no way conflicts with our view, as it merely holds that growing trees are a part of the realty and can only be sold so as to pass title by an instrument such as is used to convey land; also, that where there had been no such conveyance, a privilege to cut does not create a grant or present interest in the growing timber.

It may be said that under the second paragraph of the decree the plaintiff is merely given the right to cut and take off up to a certain time; but this decree, like a lease, must be read as a whole. So far as the result to the ore is concerned in a lease, the lessee is merely given the privilege of digging and carrying it

away, yet the lease when read as a whole vests a present interest in the ore in the ground in the lessee.

It is held in the case of Kirk v. Mattier, 140 Mo. l. c. 32, 41 S. W. 252, as follows: "It is a familiar rule that 'a grant of the profits, or income, or rent and issues, or acceptation and profit, or free use, or the right to dispose of, or to give or to sell, or to dispose of at will or pleasure, or to do his will therewith, or to be at his discretion, or to be freely enjoyed, are sufficient to pass the title *out of which such rights are to flow,* or over which such powers are given, where no contrary intention appears in the instrument itself.'"

In the case of Arnold v. Bennett, 92 Mo. App. 156, to which our attention has been directed, the facts show that the owner retained the ownership in the mineral both before and after it was brought to the surface by the party given the privilege to dig and mine, and by express words the title was at all times reserved in the landowner.

The note to the case of McRae v. Stillwell (Ga.), 55 L. R. A. 513, on page 514, is as follows: "According to the weight of authority the title to standing timber passes immediately on the execution of the instrument of conveyance, although there are a few cases to the effect that the title does not pass until the timber is cut."

The opinion in the case of Whiteside v. Oasis Club, 162 Mo. App. 502, 142 S. W. 752, clearly shows that the landowner merely gave a personal privilege to hunt on his land while he still retained possession.

One of the tests of whether a present interest is passed is whether it is expressly shown that the property after severance from the realty is to remain the property of the landowner. Where such is the case it is safe to presume that it remained the property of the owner before severance. Such is the case where a miner is given the privilege to mine, but when he has

brought the ore to the surface it is expressly shown that the title remains in the landowner. [See, Chynowitch v. Mining & Smelting Co., 74 Mo. 173; Boone v. Stover, supra; Arnold v. Bennett, supra; Springfield Foundry and Machine Co. v. Cole, 130 Mo. 1, 31 S. W. 922.]

Plaintiff's right to maintain this action finds support in the case of Avitt & Robinson v. Farrell, 68 Mo. App. 665, in which is cited 2 Waterman, Trespass, section 922. That case is cited with approval in Leidy v. Carson, 115 Mo. App. l. c. 4, 90 S. W. 754, and the following quotation made from the opinion: "Grass rooted in the ground is, for the purpose of sale, personal property; and the purchaser has possession sufficient to sustain trespass, though he is not the owner of the land, or a tenant thereof."

It is held in the case of Hickey v. Hazard, 3 Mo. App. 480, that one having surveyed, marked, and staked off ice, unappropriated by another, upon a navigable river, and having expended money to preserve it and make it valuable for use, and as a commercial commodity, has a possession sufficient to support an action for trespass.

The case of Haskin v. Record, 32 Vt. 575, sustains the view that plaintiff may maintain this action.

It is held in Goodrich v. Hathaway, 1 Vt. 485, that a purchaser of standing timber who enters, cuts and removes a part has sufficient possession to maintain trespass against a stranger who cuts and carriers away some of the remaining timber. [See, also: Gronour v. Daniels, 7 Blackf. (Ind.) 108; Narehood v. Wilhelm, 69 Pa. St. 54; Dolloff v. Danforth, 43 N. H. 219; Austin v. Sawyer, 9 Cow. (N. Y.) 39; and Carter v. Jarvis, 9 Johns. (N. Y.) 143.]

The rule is laid down in 38 Cyc. 1025, as follows: "A right less than full legal title is sufficient to maintain trespass if it is a right *in rem* in the land, giving right of possession." One of the cases cited in sup-

port of the text is Richards v. Gauffret, 145 Mass. 486, 14 N. E. 535. In that case, one who had acquired the right to cut the ice on a pond on the land of another by lease, was held entitled to maintain an action in trespass against a stranger, the court saying: "By the lease, therefore, the plaintiff acquired a valuable right, and it would be a reproach to the law if it did not furnish him a remedy for an unlawful encroachment upon this right by a stranger. It is not necessary to discuss the somewhat nice questions whether the plaintiff had such an interest in the land that he could bring trespass *quare clausum,* or whether he had such property in the ice that he could maintain an action of trover against the defendants. He had an interest greater than a mere revocable license, and could bring an action against Daggett if he interfered with his rights under the lease. He had, as we have said, a valuable right; and, if a stranger unlawfully encroached upon this right, we can see no reason why he may not maintain a proper action therefor." It will be observed that the case just quoted from was decided by the same court which decided Fletcher v. Livingston (Mass.), 26 N. E. 1001, on which respondent relies. It will be noted that the facts in the case of Fletcher v. Livingston show that the time had expired in which plaintiff was given a right to cut timber and the contest was between the heirs of the owner of the land and their grantees.

The following declaration of the law appears in 28 Am. and Eng. Ency. Law, at page 581: "Although the rule is that to enable one to maintain trespass his possession of the land must be exclusive, those having separate interests in the land may sue, provided these interests are exclusive." As supporting the text the case of Miller v. Greenwich Tp., 62 N. J. L. 771, among others, is cited, in which it is held that one having a parol license to maintain a sewer from his land across that of an adjoining owner, may have an action for

damages against a stranger who destroys or injures the sewer.

We therefore hold that the better reason supported by the weight of authority gives the plaintiff a right to maintain this action of trespass against a stranger without color of right where such stranger is molesting the plaintiff's present beneficial interest in the trees. As to whether or not it is a case of treble or single damages depends entirely upon the facts as they may be developed in the trial as under certain circumstances only single damages may be recovered under the section of the statute relied on for recovery. [See section 5451, R. S. 1909.]

The judgment is reversed and the cause remanded. *Sturgis, J.,* concurs. *Robertson, P. J.,* dissents and files a separate opinion asking that this case be certified to the Supreme Court as he deems the majority opinion in conflict with Boone v. Stover, 66 Mo. 430, 434, and Arnold v. Bennett, 92 Mo. App. 156. It is so ordered.


## DISSENTING OPINION.


ROBERTSON, P. J.—The vital and licensing part of the decree upon which plaintiff bases its right to maintain this action ("That the defendant, H. D. Williams Cooperage Company, is and shall be entitled, at any time prior to the 13th day of April, 1915, to cut and take all of the white oak timber suitable for cooperage purposes from trees eighteen inches or more in diameter at the stump, on the following described lands situated in the county of Butler, and State of Missouri: (Description) upon condition that said H. D. Williams Cooperage Company shall pay to the complainants or their successors in title owning said lands, the sum of one dollar and fifty cents ($1.50) per cord of one hun-

dred twenty-eight (128) cubic feet for all timber so taken.'') cannot, in my opinion, be enlarged by terms preceding or following such part, as there is nothing in the decree, or in the evidence in this case, as I think, which justifies it. This part of the decree confers no *title* in the land or trees, or gives anything more than a *license* to go upon the land and remove the trees if plaintiff should so elect within the time fixed. I do not believe that trespass should lie under such circumstances. and a party be permitted to recover for trees which he may never cut and which he has *not purchased*, as he had in the cases relied on in the majority opinion. My construction of the consent decree leads me, necessarily to deem the opinion of the majority in conflict with Boone v. Stover, 66 Mo. 430, 434, and Arnold v. Bennett, 92 Mo. App. 156, and consequently the case must be certified to the Supreme Court for a final decision.